J. S10033/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAMON GONZALEZ, | : | No. 839 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered December 6, 2018,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0006202-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAMON GONZALEZ, | : | No. 840 MDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered December 6, 2018,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0006205-2017

BEFORE:  PANELLA, P.J., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: MAY 18, 2020**

In these consolidated appeals, Ramon Gonzalez appeals from the December 6, 2018 aggregate judgment of sentence of three to six years' imprisonment, followed by five years' probation, imposed after he pled guilty to four counts of possession with intent to deliver a controlled substance

("PWID") and two counts of criminal use of communication facility.[1] After careful review, we affirm the judgment the sentence.

The factual history of this case is not relevant to our disposition and need not be reiterated here. The relevant procedural history of this case, as gleaned from the certified record, is as follows: On October 8, 2018, appellant entered an open guilty plea to multiple drug offenses in connection with his possession of 47 bundles of heroin. Appellant executed a written guilty plea colloquy that same day. Specifically, at CP-22-CR-0006202-2017, appellant pled guilty to three counts of PWID and two counts of criminal use of a communication facility; and at CP-22-CR-0006205-2017, appellant pled guilty to one additional count of PWID. Sentencing was deferred pending the completion of a pre-sentence investigation ("PSI") report. On December 6, 2018, the trial court sentenced appellant to an aggregate term of three to six years' imprisonment, followed by five years' probation. Thereafter, appellant filed a post-sentence motion to modify his sentence that was denied by operation of law on April 22, 2019. *See* Pa.R.Crim.P. 720(B)(3). On May 22, 2019, appellant filed two separate, timely notices of appeal for each docket number, in compliance with *Commonwealth v. Walker*, 185 A.3d 969 (Pa.

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512(a), respectively.

2018), and its progeny. On June 17, 2019, this court **sua sponte** consolidated appellant's appeals.[2]

Appellant raises the following issue for our review:

> Whether the trial court abused its discretion in sentencing appellant to an aggregate sentence of three (3) to six (6) years of incarceration where the sentence is excessive and unreasonable in light of [] appellant's age, health issues, and rehabilitative needs?

Appellant's brief at 6 (extraneous capitalization omitted).[3]

Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, [a]ppellant must establish, by reference to the record,

---

[2] The record reflects that appellant filed a timely concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b) and the trial court's directive, on June 19, 2019. The trial court, in turn, filed its Rule 1925(a) opinion on July 25, 2019.

[3] Because appellant pled guilty, we must first examine the effect of his guilty plea on his discretionary aspects of sentencing claim. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa.Super. 2017) (citation omitted). However, as a panel of this court explained in **Commonwealth v. Luketic**, 162 A.3d 1149 (Pa.Super. 2017), where a guilty plea is open and does not involve a negotiated sentence, as is the case here, the entry of said plea will not preclude a challenge to the discretionary aspects of sentencing. **See id.** at 1159, citing **Commonwealth v. Dalberto**, 648 A.2d 16, 20 (Pa.Super. 1994) (emphasis in original; citation omitted), **appeal denied**, 655 A.2d 983 (Pa. 1995), **cert. denied**, 516 U.S. 818 (1995).

that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), ***appeal denied***, 117 A.3d 297 (Pa. 2015).

Where an appellant challenges the discretionary aspects of his sentence, the right to appellate review is not absolute. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa.Super. 2011). On the contrary, an appellant challenging the discretionary aspects of his sentence must invoke this court's jurisdiction by satisfying the following four-part test:

(1) whether the appeal is timely; (2) whether appellant preserved his issue; (3) whether appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Carrillo-Diaz***, 64 A.3d 722, 725 (Pa.Super. 2013) (citations omitted).

Instantly, the record reveals that appellant has filed timely notices of appeal and preserved his discretionary sentencing claim in his post-sentence motion to modify his sentence and his sentencing hearing. Appellant also included a statement in his brief that comports with the requirements of Pa.R.A.P. 2119(f). (***See*** appellant's brief at 12-14.) Accordingly, we must determine whether appellant has raised a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted), ***appeal denied***, 76 A.3d 538 (Pa. 2013). "A substantial question exists only when appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa.Super. 2012) (citation omitted), ***appeal denied***, 63 A.3d 774 (Pa. 2013).

Here, appellant contends that the trial court imposed an excessive and unreasonable sentence without giving adequate consideration to "[his] age, health issues, and rehabilitative needs." (Appellant's brief at 15-16.) This court has recognized that a claim that the sentencing court failed to consider individualized circumstances in fashioning a sentence, including an appellant's rehabilitative needs, raises a substantial question. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1273 (Pa.Super. 2013) (stating, "appellant's claim that the sentencing court disregarded rehabilitation and the nature and circumstances of the offense in handing down its sentence presents a substantial question for our review."), ***appeal denied***, 91 A.3d 161 (Pa. 2014). Accordingly, we proceed to consider the merits of appellant's discretionary sentencing claim.

Contrary to appellant's contention, our review of the December 6, 2018 sentencing hearing transcript reveals that the trial court considered and weighed numerous factors in fashioning appellant's sentence, including appellant's rehabilitation and treatment needs. (**See** notes of testimony, 12/6/18 at 8-9.) The trial court also explicitly indicated that it considered appellant's health issues in structuring his three- to six-year term of imprisonment, noting that it "expect[s] that [appellant] will take advantage of treatment programs within the state correctional institution to address both medical, chemical dependency, and, perhaps, psychological issues . . . ." (**Id.** at 10, 12.) Although the record reflects that the trial court did not specifically mention appellant's age during the sentencing hearing, the trial court was clearly aware of appellant's age.[4] Appellant testified at length with respect to his deteriorating health and the fact that his crimes were precipitated by the fact that his Social Security money "ran out." (**Id.** at 5-6.) Additionally, the trial court was in possession of a PSI report. (**Id.** at 3.) Where the trial court has the benefit of a PSI report, "we shall . . . presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Antidormi**, 84 A.3d 736, 761 (Pa.Super. 2014) (citation omitted), **appeal denied**, 95 A.3d 275 (Pa. 2014).

---

[4] Appellant indicates in his brief that he was 60 years old at the time of sentencing.

Based on the foregoing, we find that appellant's challenge to the discretionary aspects of his sentence must fail.   Accordingly, we affirm the December 6, 2018 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/18/2020