J-A03008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIAN WILLIAM SPANGENBERG | : | |
| | : | |
| Appellant | : | No. 1130 MDA 2019 |

Appeal from the Judgment of Sentence Entered April 23, 2019
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000219-2018

BEFORE: LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED APRIL 14, 2021**

Brian William Spangenberg (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count of burglary and three counts of criminal trespass.[1] Additionally, Appellant's counsel (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the factual and procedural history as follows:

> While on parole under 10 CR 1590, the Appellant burglarized several VFW posts between November 26, 2017 and December 1, 2017. Specifically, on November 26, 2017, the security alarm at VFW Post 5207 in Covington Township, Pennsylvania triggered. Video surveillance captured a male, later identified as Appellant,

---

[1] 18 Pa.C.S.A. §§ 3502(a)(4) and 3503(a)(1)(iii).

attempting to enter the front door of the property. On November 28, 2017, the security alarm triggered, and video surveillance captured a distinct yellow Monte Carlo with a black front bumper parked across the street. Video surveillance also captured the Appellant forcibly entering the property at nighttime. A day later, the security alarm triggered again. Similarly, video surveillance captured the Appellant inside the property opening and removing a safe's contents. Also, on November 29, 2017, the security alarm at VFW Post 601 in Mayfield, Pennsylvania triggered. Video surveillance captured the Appellant inside the property, filling his backpack with cash boxes worth $3,300.00. Likewise, during the burglary, video surveillance captured a distinct yellow Chevrolet Monte Carlo parked adjacent.

On December 19, 2017, police executed a search warrant of Appellant's vehicle and residence. The search warrant revealed a yellow pry bar with damage and chipped paint related to the VFW burglaries. Additionally, cell-phone records placed the Appellant in the vicinity of both VFW locations at the time of each burglary. Accordingly, the Commonwealth charged the Appellant with sixteen (16) theft-related offenses[.]

On December 10, 2018, Appellant entered a negotiated guilty plea to one count of Burglary, 18 Pa.C.S.A. § 3502(a)(4), and three (3) counts of Criminal Trespass, 18 Pa.C.S.A. § 3503(a)(1)(iii). Specifically, in paragraph 13 of the written colloquy, the Appellant requested a sentence of thirty-six (36) to seventy-two (72) months on the burglary with probationary sentences on each criminal trespass count. Upon completion of a pre-sentence investigation, as well as a thorough review and consideration of the Sentencing Guidelines, including the nature and character of the Appellant, this [c]ourt sentenced the Appellant in accordance with the negotiated plea agreement as follows: Burglary, [] thirty-six (36) to seventy-two (72) months; Count IV: Criminal Trespass, [] to two (2) years' state supervised probation; Count V: Criminal Trespass, [] to three (3) years' state supervised probation; and Count VI: Criminal Trespass, [] to two (2) years' state supervised probation. This [c]ourt imposed all sentences consecutively. Therefore, the Appellant received an aggregate sentence of thirty-six (36) to seventy-two (72) months

with seven (7) years of state-supervised probation.[2] . . . On May 1, 2019, the Appellant filed a Motion for Reconsideration of Sentence [challenging, *inter alia*], the discretionary aspects of the Appellant's consecutive sentence. The Commonwealth filed a response, and this [c]ourt conducted a hearing on June 10, 2019. Subsequently, this [c]ourt denied the Appellant's motion in its entirety on June 28, 2019. The Appellant filed a timely Notice of Appeal to the Pennsylvania Superior Court.

Trial Court Opinion, 8/5/20, at 10-12 (record citations omitted).

Thereafter, Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. On October 13, 2020, Counsel filed an *Anders* brief, in which she avers that Appellant's appeal is frivolous, and requests permission from this Court to withdraw from representation. Appellant did not file a response to the *Anders* brief or raise any additional claims.

When faced with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Therefore, we address the particular mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the protection they provide arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007).

---

[2] The trial court also revoked Appellant's parole and resentenced him, in a separate case at docket CP-35-CR-0001590-2010, to 24 - 48 months of incarceration. *See* N.T., 4/23/19, at 8.

- 3 -

We have explained:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf).

**Id.** (citations omitted).

Additionally, there are requirements as to the content of the **Anders** brief:

> [T]he **Anders** brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. If counsel has satisfied the above requirements, it is this Court's duty to review the trial court proceedings to determine whether there are any non-frivolous issues that the appellant could raise on

appeal. ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, Counsel has complied with the requirements of ***Anders***. Counsel filed a petition with this Court stating that after reviewing the record, she finds this appeal to be wholly frivolous. Petition to Withdraw as Counsel, 10/13/20, ¶ 7. In conformance with ***Santiago***, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues she believes might arguably support Appellant's appeal. ***See Anders*** Brief at 5-17. Also, Counsel sets forth her conclusion that the appeal is frivolous and includes citation to relevant authority. ***Id.*** Finally, Counsel has attached to her petition to withdraw the letter she sent to Appellant, which enclosed Counsel's petition and ***Anders*** brief. Petition to Withdraw as Counsel, 10/13/20, Ex. A. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel, and raise any additional issues he deems worthy of this Court's consideration. ***Id.*** We thus proceed to Appellant's issues, which he states as follows:

> A. WHETHER THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO 36 TO 72 MONTHS ON THE BURGLARY CHARGE WHEN THE STANDARD SENTENCE WOULD BE 12 TO 18 MONTHS.
>
> B. WHETHER THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO CONSECUTIVE (IN CONCISE STATEMENT INCORRECTLY STATED AS CONCURRENT) SENTENCES SINCE ALL OF THE ACTS CONSTITUTING COUNTS 3, 4, 5 AND 6 ON 2018 CR 219 WERE COMMITTED OVER THE COURSE OF A THREE-DAY DRUG-FUELED BINGE AND, THEREFORE, THEY CONSTITUTE ESSENTIALLY ONE

CONTINUOUS COURSE OF CONDUCT WARRANTING CONCURRENT SENTENCES ON THESE COUNTS.

C. WHETHER THE AGGREGATE SENTENCE OF ALL COMBINED CASES IS EXCESSIVE, HARSH, ARBITRARY AND CONTRARY TO THE FUNDAMENTAL NORMS OF SENTENCING IN THIS COMMONWEALTH.

*Anders* Brief at 4.

All of Appellant's issues challenge the discretionary aspects of his sentence. As stated above, the trial court sentenced Appellant pursuant to a negotiated guilty plea. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." ***Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).

> It is well settled when the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

***Id.*** (citation omitted).

Here, Appellant's December 10, 2018 written guilty plea colloquy, bearing his initials on the bottom of each page and signature on the last page, specifically states his agreement with the Commonwealth as follows:

> [Appellant] will plead guilty to 1 count of Burglary (F2) and 3 counts of Criminal Trespass (F2). [Appellant] is requesting an

aggregate sentence on all counts of 36 to 72 months on Burglary an[d] terms of probation at the Criminal Trespass counts. [Appellant] agrees to pay restitution to be determined.

Guilty Plea Colloquy, 12/10/18, at ¶ 13; *see also* N.T., 12/10/18, at 2.

In accordance with Appellant's plea, the trial court sentenced him to the negotiated sentence. Trial Court Opinion, 8/5/20, at 11-12; N.T., 4/23/19, at 8. Accordingly, we agree with the trial court and Counsel that Appellant's discretionary sentencing claims are waived.[3] Trial Court Opinion, 8/5/20, at 24 ("It is clear that the Appellant waived his right to appeal the discretionary aspects of his sentence where his plea agreement contained a negotiated sentence. The Appellant and the Commonwealth bargained for a particular sentence, and the Appellant received precisely what the terms of the agreement promised."); *Anders* Brief at 8 ("[C]ounsel for Appellant understands that there is no authority to permit a challenge to the

_____

[3] To the extent Appellant's third issue challenges his total sentence when combined with his resentencing at CP-35-CR-0001590-2010, we agree with the trial court and Counsel that this claim is frivolous even in the absence of waiver. *See* Trial Court Opinion, 8/5/20, at 19 ("Appellant's aggregate sentence of sixty (60) to one hundred and twenty (120) months with seven (7) years special probation is not manifestly excessive for a felony one robbery offense, felony two burglary offense, and three felony two criminal trespass offenses. This [c]ourt may impose the sentence consecutively to his other sentences for the crimes he committed while on parole. The Appellant is not entitled to a volume discount for his crimes as his aggregate sentence is not grossly disparate to his continued conduct, and inability to remain law-abiding.") (citations omitted); *Anders* Brief at 9 ("[C]ounsel recognizes that given the nature and circumstances of the offenses, the history and characteristics of the Appellant, his inability to rehabilitate and the need to protect the public, it cannot be argued that the sentences imposed are harsh and excessive.").

discretionary aspects of a sentence where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court.") (citation omitted).

Finally, our independent review reveals no other non-frivolous issues Appellant could raise on appeal. *See Dempster*, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/14/2021