J-A13014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDRE MCDANIELS | : | |
| | : | |
| Appellant | : | No. 2026 EDA 2020 |

Appeal from the Judgment of Sentence Entered August 19, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000266-2018

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                         Filed: June 3, 2021

Appellant, Andre McDaniels, appeals from the judgment of sentence of 8 to 20 years' incarceration, imposed after he entered a negotiated guilty plea to statutory sexual assault, 18 Pa.C.S. § 3122.1(b), and corruption of minors (COM), 18 Pa.C.S. § 6301(a)(1)(ii).  On appeal, Appellant seeks to challenge the legality of his sentence.  Additionally, Appellant's counsel, Stuart R. Crichton, Esq., seeks to withdraw his representation of Appellant pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts of Appellant's underlying convictions are not pertinent to the issue he seeks to raise on appeal.  We need only note that Appellant was

_____

[*] Former Justice specially assigned to the Superior Court.

charged with ten counts each of rape, involuntary deviate sexual intercourse, aggravated indecent assault, and statutory sexual assault, as well as single counts of endangering the welfare of a child and COM. In exchange for his pleading guilty to one count each of statutory sexual assault and COM, the Commonwealth withdrew the remaining charges. The parties agreed that Appellant would be sentenced to 8 to 20 years' incarceration for statutory sexual assault, and no further penalty for COM. Appellant entered this negotiated guilty plea on October 21, 2019. His sentencing was deferred pending an evaluation by the Sexual Offenders Assessment Board (SOAB) of whether Appellant qualifies as a Sexually Violent Predator (SVP). On August 19, 2020, following an SVP hearing, Appellant was deemed to be an SVP. He was sentenced that same day to the agreed-upon term of incarceration.

On August 26, 2020, Appellant filed a timely post-sentence motion, which was denied. He then filed a timely notice of appeal. When the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Appellant's counsel responded by filing a Rule 1925(c)(4) statement of his intent to file an **Anders** brief and petition to withdraw. Accordingly, the court did not issue a Rule 1925(a) opinion in this case.

On March 9, 2021, Attorney Crichton filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the following issue that Appellant seeks to raise on appeal: "Whether the sentence imposed by the [c]ourt, pursuant to the

negotiated plea agreement, was illegal?" **Anders** Brief at 63. Attorney

Crichton concludes that this issue is frivolous, and that Appellant has no other,

non-frivolous claims he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). After

determining that counsel has satisfied these technical requirements of **Anders**

and **Santiago**, this Court must then "conduct a simple review of the record to

ascertain if there appear[s] on its face to be arguably meritorious issues that

counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Crichton's ***Anders*** brief substantially complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Additionally, Attorney Crichton states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief, and he attaches a letter directed to Appellant in which he informs Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

According to Attorney Crichton, Appellant seeks to argue "that the sentence imposed was illegal" because "he was entitled to a sentence within the standard [range] sentencing guideline[s]." ***Anders*** Brief at 6. As counsel notes, Appellant's statutory sexual assault offense is graded as a felony of the first degree. ***See*** 18 Pa.C.S. § 3122.1(b) ("A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not

- 4 -

married to each other."). Thus, the statutory maximum term of incarceration for that offenses is 20 years' imprisonment. **See** 18 Pa.C.S. § 1103(1). Because Appellant's sentence of 8 to 20 years' incarceration is within the statutory maximum, it is not illegal. **See Commonwealth v. Infante**, 63 A.3d 358, 363 (Pa. Super. 2013) ("[A] sentence that **exceeds** the statutory maximum is illegal.") (citation omitted; emphasis added).

We also note that Appellant cannot claim that his sentence is excessive, as it was consistent with the terms of his negotiated plea agreement. Our Court has declared that, "when the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence." **Commonwealth v. Morrison**, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).

Accordingly, we agree with Attorney Crichton that Appellant's sentencing claim is frivolous. Additionally, our review of the record reveals no other, non-frivolous claims that Appellant could raise herein.[1] Thus, we affirm his judgment of sentence and grant counsel's petition to withdraw.

---

[1] We observe that in the post-sentence motion filed by Attorney Crichton, he asserted that Appellant wished to argue "that the [c]ourt erred in designating him as a[n SVP]," and "that he was pressured by counsel to sign the Guilty Plea Colloquy." Post-Sentence Motion, 8/26/20, at 2 (unnumbered). We reprimand counsel for failing to discuss these claims in his **Anders** brief. Nevertheless, we conclude that they are frivolous. First, Appellant waived his challenge to his SVP designation by failing to offer any elaboration on why or how the court erred in deeming him an SVP. Second, Appellant's claim that
*(Footnote Continued Next Page)*

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/21

---

counsel pressured him into pleading guilty challenges the effectiveness of counsel's representation. In **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013), our Supreme Court reaffirmed its prior holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), that, absent certain circumstances not present in this case, claims of ineffective assistance of counsel should be deferred until collateral review under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Consequently, it would be frivolous for Appellant to raise his ineffectiveness claim, or his waived SVP challenge, in this direct appeal.