J-S55032-17

2017 PA Super 339

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JASON PAUL MORRISON | : | |
| | : | |
| Appellant | : | No. 359 MDA 2017 |

Appeal from the Order Entered September 27, 2016
in the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000677-2016
CP-21-CR-0000874-2016

BEFORE:    DUBOW, RANSOM, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:    **FILED OCTOBER 24, 2017**

Jason Paul Morrison (Appellant) appeals *nunc pro tunc* from the judgment of sentence imposed after Appellant and the Commonwealth entered into a negotiated plea agreement. We affirm.

We begin with the procedural history of Appellant's case.

From mid-January 2016 to early February 2016, [while he was on parole, Appellant] committed multiple acts of burglary or attempted burglary throughout Cumberland County, Pennsylvania. [Appellant] took or attempted to take a variety of items from twelve separate homes and garages. [As a result, Appellant was charged with a multitude of crimes.[1] Appellant]

---

[1] Specifically, at docket number 677-2016, the Commonwealth charged Appellant as follows: count one, burglary – adapted for overnight accommodation – person present; count two, one count of criminal attempt to burglary – adapted for overnight accommodation – person present; counts three and four, criminal trespass; count five, criminal mischief; and count six, burglary – adapted for overnight accommodation – no person present. At docket number 874-2016, the Commonwealth charged Appellant as follows: count one, ten counts of burglary – adapted for
*(Footnote Continued Next Page)*

*Retired Senior Judge assigned to the Superior Court.

confessed to the crimes[,] and on July 7, 2016, entered pleas of guilty as follows: at docket [number] 677 of 2016, [Appellant] pled guilty to one count of burglary of a structure adapted for overnight accommodation with no person present, and at docket [number] 874 of 2016, [Appellant] pled guilty to one consolidated count of burglary of a structure adapted for overnight accommodation with no person present and to one consolidated count of criminal attempt to burglary – adapted overnight accommodation no person present.

Trial Court Opinion, 4/4/2017, at 1 (unnecessary capitalization omitted).

At Appellant's guilty plea hearing, the Commonwealth and Appellant presented the trial court with an agreement whereby Appellant would pay restitution and receive an aggregate sentence of three to ten years of incarceration. The assistant district attorney explained "that the parties had agreed to the aforementioned sentence, which was at the bottom of the standard range of the sentencing guidelines, because [Appellant] cooperated in resolving the open (and, most likely, unsolvable) burglary cases charged at [docket number] 874 after being arrested for burglaries at [docket number] 677." *Id.* at 2. After administering a colloquy to Appellant,[2] the

_(Footnote Continued)_ _____

overnight accommodation – no person present; count two, two counts of burglary – adapted for overnight accommodation – no person present; count three, eight counts of criminal trespass; count four, five counts of theft by unlawful taking or disposition; and count five, receiving stolen property.

[2] As part of the oral colloquy, Appellant acknowledged that he would receive the agreed-upon sentence of three to ten years at each docket number. N.T., 7/6/2016, at 9. He further acknowledged that the sentences at each docket number would run concurrently to each other but likely would run consecutively to his "parole hit." *Id.* As part of the written colloquy signed by Appellant, he indicated his understanding that pleading guilty limited his appeal rights. Guilty Plea Colloquy, 7/7/2016, at ¶8.

trial court accepted Appellant's negotiated plea and scheduled the case for sentencing. On September 27, 2016, Appellant was sentenced at each docket number to the agreed-upon term of three to ten years of incarceration, plus fines and costs. Although the trial court ordered the terms of incarceration at each docket number to run concurrently with each other, the court ordered the sentences to run consecutively to any imprisonment for a parole violation. Appellant did not file any post-sentence motions or a direct appeal.

On November 7, 2016, Appellant filed *pro se* a petition pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After appointment of counsel, counsel filed an amended petition requesting reinstatement of Appellant's right to a direct appeal *nunc pro tunc*, alleging that Appellant's plea counsel rendered ineffective assistance of counsel by failing to file a requested appeal. After an evidentiary hearing, the petition was granted and Appellant timely filed a notice of appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents two issues.

[1.] Whether the trial court abused its discretion and committed reversible error when it sentenced Appellant to an aggregate sentence of not less than three years nor more than ten years [of] imprisonment?

[2.] Whether the trial court imposed an illegal sentence when it sentenced Appellant to an aggregate sentence of not less than three years nor more than ten years [of] imprisonment?

Appellant's Brief at 5 (unnecessary capitalization and numbers omitted).

- 3 -

Appellant's first issue presents a challenge to the discretionary aspects of his sentence. Because Appellant pled guilty, we must examine the effect of his guilty plea upon his discretionary aspects claim. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991) (citations omitted). It is well settled when

> the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process[.]

*Id.* (citations, quotation marks, and footnote omitted).

In the instant case, Appellant negotiated the terms of his guilty plea, including the specific duration of the sentence with which he now takes issue. After accepting Appellant's plea, the trial court sentenced him to the agreed-upon sentence. Trial Court Opinion, 4/4/2017, at 2; *see* Guilty Plea Colloquy, 7/7/2016; N.T., 7/7/2016, at 2-3, 6-10; N.T., 9/27/2016, at 11-14. Appellant did not challenge the validity of the plea proceedings or move to withdraw his plea. Accordingly, Appellant waived his discretionary aspects of sentencing claim. *See Reichle*, 589 A.2d at 1141.

Regarding Appellant's second issue, Appellant's counsel states that although Appellant wishes to challenge the legality of his sentence based upon his maximum sentence being more than three times longer than his minimum sentence, counsel is unable to advance any argument because the issue is wholly frivolous. Appellant's Brief at 12. We agree with counsel that a challenge to the legality of Appellant's sentence based upon the length of his maximum sentence compared to his minimum sentence lacks any basis in law and fact,[3] but as we shall explain, counsel did not follow proper procedure by including this issue in Appellant's appeal.

It appears that Appellant directed counsel to raise two issues. Counsel elected to set forth an argument on the merits of Appellant's first issue,[4] but

---

[3] When imposing a sentence of total confinement, the court must specify a maximum period, which may not exceed the limit authorized by law. 42 Pa.C.S. § 9756(a). It also must impose a minimum sentence that does not exceed one-half of the maximum sentence imposed. 42 Pa.C.S. § 9756(b)(1). The crimes to which Appellant pled guilty are graded as felonies of the first degree and carry a statutory penalty of up to 20 years of incarceration. 18 Pa.C.S. §§ 905, 1103(1), 3502(c)(1). Appellant's maximum sentence of ten years does not exceed the statutory maximum limit and his minimum sentence of three years does not exceed one-half of the maximum sentence imposed. Therefore, the duration of Appellant's sentence is not illegal.

[4] It is unclear why counsel made this decision. Counsel's arguments focused on other aspects of the legal test required for challenging the discretionary aspects of Appellant's sentence. Although counsel noted that Appellant entered a negotiated plea, counsel did not address the ramifications of doing so. Appellant's Brief at 10. Nor did counsel offer an argument seeking to extend existing law regarding the limitations on appeal rights after a negotiated plea. As we explained *supra*, the law is clear that a defendant may not challenge the court's discretion upon receipt of the same sentence

*(Footnote Continued Next Page)*

apparently disagreed with his client as to the merits of the second issue. In the brief, counsel stated he "engaged in a careful and conscientious review of the record and any relevant case law that could arguably support Appellant's claim that his sentence was illegal and [] determined this issue to be wholly frivolous." Appellant's Brief at 12. Neither counsel nor Appellant moved for this Court to withdraw counsel's representation.

It is axiomatic that indigent defendants have a constitutional right to have counsel appointed to assist them in pursuing a direct appeal. *McCoy v. Court of Appeals of Wis., Dist. 1*, 486 U.S. 429, 435-36 (1988). However, all "attorney[s], whether appointed or paid, [have] an ethical obligation to refuse to prosecute a frivolous appeal." *Id.* at 436. When appointed counsel is asked to pursue an appeal that he or she, after "conscientious examination," deems to be "**wholly** frivolous," counsel must seek to withdraw from representation on appeal by using the procedure outlined by the United States Supreme Court and our Supreme Court. *Anders v. California*, 386 U.S. 738, 744 (U.S. 1967) (emphasis added); *see also Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). The procedure includes, *inter alia*, informing the court and the client of

*(Footnote Continued)* ───────────────

for which the defendant bargained previously. In fact, in **Reichle**, based upon the existence of established precedent, the trial court's repeated clarifications of the defendant's limited appeal rights, and counsel's failure to make a good-faith basis to alter the law, we determined an appeal based upon this issue was frivolous, and, upon motion, awarded costs and counsel fees to the Commonwealth. 589 A.2d at 1142-43.

counsel's conclusion that the appeal is wholly frivolous, which then allows the client to advance his or her own arguments *pro se*. **Id.**

The purpose of the **Anders** procedure is to give an indigent defendant access to counsel who uses his or her trained eye to make the same diligent and thorough evaluation of the case as a retained lawyer before concluding that an appeal is frivolous. **McCoy**, 486 U.S. at 438; **Santiago**, 978 A.2d at 177. However, the **Anders** procedure applies only to appeals that are **wholly** frivolous – that is, cases where counsel has determined that there are no arguments that counsel may advance because **all** issues lack basis in law and/or fact. **Id.** at 438-39.

In all other cases, after "master[ing] the trial record, thoroughly research[ing] the law, and exercis[ing] judgment in identifying the arguments that may be advanced on appeal," counsel must file an advocate's brief that seeks to persuade the court to grant relief to the defendant. **McCoy**, 486 U.S. at 438, 439 n.13. "**Anders** recognized that the role of the advocate 'requires that he support his client's appeal to the best of his ability.'" **Jones v. Barnes**, 463 U.S. 745, 754, (1983) (citing **Anders**, 386 U.S. at 744). An advocate's brief actually advocates for the client; indeed, "it would be a strange advocate's brief that would contain a preface advising the court that the author of the brief is convinced that his or her arguments are frivolous and wholly without merit." **McCoy**, 486 U.S. at 439 n.13.

It is well settled that an indigent defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Barnes*, 463 U.S. at 751. *Accord Commonwealth v. Jette*, 23 A.3d 1032, 1043 (Pa. 2011) ("[A]ppellate counsel is entitled, as a matter of strategy, to forego even meritorious issues in favor of issues he believes pose a greater likelihood of success."). "Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52)). "Indeed, an appellate lawyer's exercise of professional judgment in omitting weaker claims is obviously of benefit to the client: the more claims an appellate brief contains, the more difficult for an appellate judge to avoid suspecting that there is no merit to any of them." *United States v. Turner*, 677 F.3d 570, 577 (3d Cir. 2012) (citation omitted). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy that underlies *Anders*." *Barnes*, 463 U.S. at 754.

In *Turner*, the Court of Appeals for the Third Circuit of the United States declared counsel's decision to file a brief combining frivolous and

nonfrivolous issues to be improper. 677 F.3d at 576. We find the court's reasoning to be persuasive. "Turner's counsel set forth what might be called a 'quasi-*Anders* brief,' which raised a combination of colorable and frivolous arguments." *Id.* at 574. Counsel's brief explained why counsel considered certain issues to be frivolous. Turner and his counsel sought permission for Turner to file *pro se* a supplemental brief to give Turner an opportunity to advance new arguments on the merits as to the issues deemed to be frivolous by his counsel, but the court denied the request, determining that the court's local rules prohibit hybrid representation.[5]

---

[5] Here, Appellant has not attempted to file a brief *pro se*. If he had, we would not have been permitted to consider it, as hybrid representation on direct appeal is not permitted in Pennsylvania. ***Commonwealth v. Ellis***, 626 A.2d 1137, 1141 (Pa. 1993). In ***Ellis***, a represented appellant attempted to file *pro se* a brief raising four additional issues not presented by his counsel. Our Supreme Court explained that a represented appellant who wishes to raise issues beyond those raised in the counseled brief has two options.

> A represented appellant may petition to terminate his representation; he may, acting pursuant to the rules of criminal procedure, proceed on his own behalf. Conversely, he may elect to allow counsel to take his appeal, but, should counsel not prevail, assert counsel's ineffectiveness at a later time and, thus indirectly, assert the claims he would have made on direct appeal. The only thing he may not do is confuse and overburden the court by his own *pro se* filings at the same time his counsel is filing briefs on his behalf.

***Ellis***, 626 A.2d at 1141.

The year after our Supreme Court decided ***Ellis***, the Court clarified its holding, stating that a criminal appellant who challenges the effectiveness of his appellate counsel's representation cannot "terminate counsel after the
*(Footnote Continued Next Page)*

In considering whether counsel properly included and labeled frivolous issues in the brief, the court noted that indigent defendants have no right to compel appointed counsel to present every requested issue. *Id.* at 576 (citing *Barnes*, 463 U.S. at 751). The court also opined that counsel's approach was contrary to the Pennsylvania Rules of Professional Conduct. Lawyers are required to "reasonably consult with the client about the means by which the client's objectives are to be accomplished." *Id.* (citing Pa. R. Prof'l Conduct 1.4). When a client and counsel disagree, the client may discharge the lawyer. *Id.* at 577 (citing Pa. R. Prof'l Conduct 1.2 cmt. 2). Moreover, the rules permit the lawyer to exercise professional discretion. *Id.* (citing Pa. R. Prof'l Conduct 1.3 cmt. 1) ("[A] lawyer is not bound … to press for every advantage that might be realized for a client. For example, a lawyer may have authority to exercise professional discretion in determining the means by which a matter should be pursued.").

Accordingly, the court concluded that "[b]y fiing an *Anders* brief without seeking to withdraw, counsel have presented issues to the [c]ourt that need not have been raised." *Id.* at 577 (citing *McCoy* at 436). The court held that when disagreements arise between counsel and the client as to the issues to include in an appellate brief, counsel should evaluate the

<hr />

*(Footnote Continued)*

time of counsel's filing of appellate briefs simply because he wishes to file *pro se* appellate briefs." *Commonwealth v. Rogers*, 645 A.2d 223, 224 (1994). Instead, the "appellant [must] remain with counsel through the appeal, once counsel has filed briefs," but may "assert appellate counsel's ineffectiveness at a later time." *Id*.

issues and present only the issues that counsel believes, consistent with his or her ethical duty, are meritorious. *Id.* at 579.

Like the court in *Turner*, we have "no doubt that [counsel's quasi-*Anders* brief in the instant case] was well-intentioned and counsel [was] perplexed as to what to do." *Id.* at 576. Nevertheless, the brief filed by counsel was improper. Inclusion of frivolous issues requires the time and attention of already overburdened courts to address issues that have no chance of helping appellants obtain relief. *See McCoy*, 486 U.S. at 436 ("Neither paid nor appointed counsel may … consume the time and the energies of the court or the opposing party by advancing frivolous arguments."). If counsel may elect to forgo nonfrivolous issues, we see no reason why counsel should present issues that counsel, in his or her professional judgment, has determined to be frivolous, even if the client indicates he or she wishes those issues to be included. This is particularly the case considering the appellant may "assert counsel's ineffectiveness at a later time and, thus indirectly, assert the claims he [or she] would have made on direct appeal." *Ellis*, 626 A.2d at 1141.

Therefore, when counsel and an appellant disagree on which issues should be raised and/or briefed on appeal, counsel must only raise and/or brief the issues that counsel believes, consistent with counsel's ethical duty, to be nonfrivolous. If the disagreement arises prior to counsel's filing of briefs, the appellant is free to petition for the withdrawal of counsel in order

for the appellant to attempt to proceed *pro se* or with privately-retained counsel. If the disagreement arises after briefs have been filed by appointed counsel, and the appellant remains convinced of the merit of his or her proposed issues, the appellant may later challenge the effectiveness of his or her appellate counsel in a timely-filed collateral attack pursuant to the PCRA.

Because neither of the issues presented by Appellant has merit, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2017