J-A20033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                              :  PENNSYLVANIA
                                              :
              v.                       :
                                              :
                                              :
JOSEPH SNIDER                          :
                                              :
            Appellant            :  No. 1362 WDA 2020

Appeal from the Order Entered November 24, 2020
In the Court of Common Pleas of Butler County Criminal Division at
No(s):  CP-10-CR-0000185-2017

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:        **FILED: OCTOBER 12, 2021**

Joseph Snider (Appellant) appeals from the order entered in the Butler County Court of Common Pleas denying his motion to dismiss his guilty plea to recklessly endangering another person (REAP).[1]  On appeal, he claims the trial court was required to dismiss his conviction after his successful completion of the Butler County Veterans Treatment Court Program.  For the reasons below, we affirm.

We glean the following facts from Appellant's hearing admitting him into Veterans Court.

> [O]n November 2, 2016, in Lancaster Township, [Pennsylvania, Appellant] did drive, operate, or [was] in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in [Appellant's] blood or breath was .16 percent or higher within two hours after

---

[1] 18 Pa.C.S. § 2705.

[Appellant] had driven, operated[,] or been in actual physical control of the movement of a vehicle in violation of Section 3802[(c)] of the Vehicle Code.

N.T., Admission into Veterans Court, 7/19/17, at 3.[2]

Appellant was initially charged with driving under the influence (DUI) (highest rate of alcohol).[3] On June 28, 2017, Appellant, represented by James Herb, Esquire, entered and subsequently withdrew a guilty plea for the purposes of Veterans Court admission. On July 19, 2017, the Commonwealth amended its complaint to include one count of REAP, and Appellant was admitted into Veterans Court. That same day, Appellant completed "two alternative pleas." N.T., 7/19/17, at 3. Appellant would enter the first plea, for one count of DUI (highest rate of alcohol), a first-degree misdemeanor, "in the event of unsuccessful completion of Veterans Court." *Id.* Appellant would enter the second plea, for one count of REAP, a second-degree misdemeanor, "in the event of successful completion of Veterans Court." *Id.* at 4. Both plea agreements were open, meaning the Commonwealth and Appellant did not agree on a particular sentence before he entered the agreement. *Id.* at 3-4.

On July 11, 2018, after Appellant successfully completed the Veterans Court Program,[4] the trial court sentenced Appellant to a period of 12 months'

_____

[2] The transcript is dated as having taken place on July 19, 2019; however, the record confirms this to be a typographical error.

[3] 75 Pa.C.S. § 3802(c).

[4] Appellant's date of completion of the Veterans Court Program is not provided in the record, but the "expected length of participation" in the program is 12
*(Footnote Continued Next Page)*

probation.  On October 20, 2020, Appellant, still represented by Attorney Herb, filed a petition for dismissal of his REAP charge.  The trial court ordered a hearing on the petition for dismissal on November 20, 2020, and subsequently denied Appellant's motion on November 23, 2020.  This timely appeal followed.  Appellant timely complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises one issue on appeal:

Did the [trial court] err when it failed to dismiss charges against Appellant, where Appellant had completed all requirements of the Veterans' Treatment Court Program and the program policy states charges **will** be dismissed upon successful completion?

Appellant's Brief at 7 (emphasis in original).

Preliminarily, we note that the Butler County Veterans Court has two program tracks.  We cite the relevant portion of the Butler County Veterans Treatment Court Policies and Procedures below:

### Dismissal of Charges

**Diversionary Track:**

For participants completing the diversionary track, charges will not be dismissed until the participant has graduated, completed aftercare and paid any and all applicable fines; costs, and fees.  It is the responsibility of the participant to furnish proof of final payment to their Veterans Treatment Court Probation Officer. Once verified, the Office of the District Attorney will prepare a Court order seeking dismissal of the charges.  Further, upon

---

months.  Some participants may take longer.  Veterans Treatment Court Policies and Procedures, Butler County, at 15.

successful completion of aftercare, which includes remaining drug and alcohol free along with not obtaining new charges, the defendant who entered into the program as diversionary may petition the court to have their criminal case/s expunged. The participant must pay the appropriate fee in the Clerk of Courts Office prior to the filing the petition for expungement. The Office of the District Attorney will prepare the necessary paper work for participant's expungement. Failure to successfully complete aftercare may result in the District Attorney denying the expungement request.

**Non-Diversionary Track:**

For participants completing the non-diversionary track, any remaining supervision may terminate early if all requirements of aftercare have been met including, but not limited to, all financial obligations paid in full, remaining drug free and remaining free of new criminal offense.

Veterans Treatment Court Policies and Procedures, Butler County, at 33. In its Order dismissing Appellant's motion, the trial court notes,

[t]he Butler County Veterans Treatment Court Policies and Procedures Manu[a]l contains two tracks, a Diversionary Track[ ] for participants who are offered the diversion program of ARD[, Accelerated Rehabilitation Disposition]. The supervision for those participants requires them to complete the requirements of Butler County Treatment Court in order to obtain dismissal of their charges. For the Non-Diversionary Track[ ], participants in Butler County Veterans Treatment Court are offered a plea agreement and remain in Veterans Treatment Court with bond conditions and if they successfully complete the program they are sentenced according to the plea agreement they entered. If they do not successfully complete Veterans Treatment Court, they are sentenced to an alternative plea agreement to which they have entered into with the Butler County District Attorney's Office.

Order, 11/24/20, at 2 (unpaginated).

In his sole issue on appeal, Appellant argues he is entitled to dismissal of his charges as he successfully completed the Veterans Court Treatment Program. Appellant's Brief at 13. Appellant insists he and the Commonwealth

- 4 -

"are to reach a plea agreement as a requirement for entry into the program" and that pleading guilty does not waive a claim of "validity of guilty plea[.]" *Id.* at 14 *citing **Commonwealth v. Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017). Appellant maintains that "upon graduation [and] successful completion" of the diversionary track of the program, the Commonwealth is required to seek dismissal of charges. *Id.* at 15. The trial court stated Appellant was not in the diversionary track of program, as evidenced by "entry of the REAP [p]lea[,]" and as such was not entitled to dismissal. *Id.* at 16. Appellant asserts that the terms "diversionary" and "non-diversionary" are not defined anywhere in the treatment court Policies and Procedures and "the record does not set forth that the plea to REAP is one on a non-diversionary track." *Id.* at 16-17. Appellant insists "the language or lack of definition" of these terms caused confusion "acknowledged by the [trial court]" and Commonwealth. *Id.* at 21. Appellant cites the Commonwealth's comment that "[it] understood where [Appellant] sees that the diversionary track language in [its] policies and procedures " as well as the trial court's comment "if we need to make some changes in the program, that might be appropriate." *Id.* at 21-22. Appellant contends that because of this, he entered an unknowing plea. *Id.* at 17.

Before addressing Appellant's claim on its merits, we note he argues the validity of his plea for the first time on appeal.

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.

- 5 -

> Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." [ ]

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal.

*Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa. Super. 2013) (citations omitted). Because his arguments supporting an involuntary plea are waived, we may not address them; we address his remaining argument on its merits. *See id.*

Appellant bases his argument on the alleged confusion caused by the treatment court's program, which has both a diversionary and non-diversionary track, citing comments made by the Commonwealth and trial court. However, Appellant mischaracterizes these comments to create his own confusion. The Commonwealth simply stated it understood "where" Appellant pulled the diversionary track language from. *See* N.T., Motion to Dismiss H'rg, 11/20/20, at 6. The trial court commented on potential future "changes in the program" and on Appellant's "exemplary" work in the program. *See id.* at 6-7. The trial court did not imply that any changes were necessary due to any confusion on Appellant's part, rather context makes it clear that the trial court was simply acknowledging Appellant participated successfully.

Moreover, at Appellant's plea hearing, the Commonwealth clearly stated the terms of each plea agreement, and Appellant stated he understood the agreement's terms:

> The first plea [ ] is the plea in the event of unsuccessful completion of Veterans Court.  That will be a plea of guilty to count [2] of the information, [DUI], second offense.  The information sets forth that on November 2, 2016, in Lancaster Township, [Appellant] did drive, operate[,] or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the Alcohol concentration in [Appellant's] blood or breath was .16 percent or higher within two hours after [Appellant] [operated a vehicle] in violation of [75 Pa.C.S. § 3802(c), a misdemeanor of the first degree].  The agreed upon recommended sentence is a straight or open plea.
>
>         \*    \*    \*
>
> The second plea to be recited will be the plea **enforced in the event of successful completion of Veterans Court**.  That will be a plea of guilty to count four, [REAP], misdemeanor of the second degree.  The information in that regard will set forth at the same time and place, [Appellant] did recklessly endanger other persons or property.  [ ] This is a straight and open plea as well[.]
>
>         \*    \*    \*
>
> [Plea counsel: D]o you understand that if you successfully complete the Veterans Court program, that the [DUI] charge will be withdrawn or dismissed by the [Commonwealth], that you will enter a plea to [REAP] only?
>
> [Appellant:] Yes.

N.T., Admission into Veterans Court, at 3-4, 7 (emphasis added).  Appellant stated he truthfully filled out a written colloquy admitting he understood the terms and conditions of Veterans Treatment Court and plea counsel answered any questions he had regarding his guilty plea.  *Id.* at 6-7; Appellant's

Veterans Treatment Court Guilty Plea Colloquy, 7/20/17, at 3. We note at the plea hearing, counsel stated to Appellant that upon successful completion of Veterans Court, the Commonwealth would **withdraw** or **dismiss** his **DUI** charge and Appellant would "enter a plea to [REAP] only[.]" N.T., Admission into Veterans Court, at 7. Now, on appeal, counsel is arguing for dismissal of Appellant's REAP charge despite explicitly explaining the contrary to Appellant.

After Appellant's colloquy, the trial court confirmed again Appellant "met with [ ] the Probation Office" where they "explained [ ] the requirements of [ ] Veterans Court[.]" N.T., Admission into Veterans Court, at 9. At no point in the terms of the plea agreement or Appellant's colloquy did the Commonwealth say or give Appellant the impression that his charge for REAP would be dismissed. On the contrary, the Commonwealth specifically stated in exchange for completion of the program, a plea resulting in a conviction for REAP, a lesser charge, would be **enforced** and the harsher DUI conviction would be averted. Because he successfully completed the program, he escaped a DUI conviction and the consequences that follow. Thus, he has received the benefit of his bargain.

We agree with the trial court's conclusion that his plea agreement included a conviction and sentence to one count of REAP, and thus Appellant's claim is meritless.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  10/12/2021