J-S12045-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
:                    PENNSYLVANIA
:
v.  :
:
:
:
JACOB ELWOOD BRAY  :
:
Appellant  :  No. 2462 EDA 2021

Appeal from the Judgment of Sentence Entered October 6, 2021
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-MD-0001471-2021

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.:                      **FILED AUGUST 2, 2022**

Jacob Elwood Bray appeals from the Judgment of Sentence entered by the Montgomery County Court of Common Pleas after he entered a negotiated guilty plea to one charge of Indirect Criminal Contempt for violating a Protection from Abuse ("PFA") Order.  Appellant alleges his plea was not knowing or voluntary because of an inadequate oral colloquy.  Appellant failed to preserve his challenge and it is, thus, waived.  Accordingly, we affirm.

Following is a summary of the relevant facts.  Appellant was charged under two dockets after he contacted A.B. in violation of a PFA Order. On October 6, 2021, Appellant admitted at a hearing that he violated the PFA. Appellant's counsel and the prosecutor conducted the colloquy after which Appellant informed the court that he wished to plead guilty. The court found the plea knowing, intelligent, and voluntary, and sentenced Appellant to the

negotiated sentence of time served.[1]  N.T. Hearing, 10/6/21, at 10.  He filed

a motion for parole on October 11, 2021, which the court granted that day.

Appellant did not file any motions to withdraw his guilty plea.

On November 1, 2021, Appellant filed a notice of appeal.  Both Appellant

and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

> Did the lower court err in accepting [Appellant's] guilty plea since the plea was not knowing and voluntarily entered because [Appellant's] oral plea colloquy failed to explain that, at trial, the Commonwealth would be required to prove beyond a reasonable doubt that [Appellant] committed the crimes in question?

Appellant's Br. at 3.

Appellant avers that the colloquy "completely failed to explain that the

Commonwealth would be required to prove guilt beyond a reasonable doubt"

and his plea, therefore, "was defective."  *Id*. at 11. This claim is waived.

"Generally, a plea of guilty amounts to a waiver of all defects and

defenses except those concerning the jurisdiction of the court, the legality of

the sentence, and the validity of the guilty plea." ***Commonwealth v.***

***Morrison***, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).  To test

the voluntariness of a guilty plea on direct appeal, the defendant must either

object during the plea colloquy or file a motion to withdraw the plea before

sentencing or within ten days of sentencing. ***See Commonwealth v.***

---

[1] In exchange for the negotiated sentence, the Commonwealth withdrew the charges filed at CP-46-MD-0001587-21.

***Lincoln***, 72 A.3d 606, 610 (Pa. Super. 2013) (providing case law and noting that "Pennsylvania courts adhere to this waiver principle because 'it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.'" (citation and brackets omitted)). ***See also*** Pa.R.Crim.P. 591(A) (allowing for application to withdraw plea upon written or oral motion of defendant at or before sentencing); Pa.R.Crim.P. 720(B)(1)(a)(i) (allowing for post-sentence challenge to guilty plea). Absent extraordinary circumstances, the failure to employ either measure results in waiver. ***See Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006).

Here, Appellant did not object during the plea colloquy and did not file a post-sentence motion seeking to withdraw his guilty plea. Based on the above legal authority, we find Appellant's challenge waived.[2]

Judgment of Sentence affirmed.

---

[2] Moreover, even if Appellant had preserved his claim, we would conclude it is without merit based on our review of the scant record, relevant legal authority, and the trial court's reasoning. ***See*** Tr. Ct. Op., dated Dec. 16, 2021, at 2-4 (citing Pa.R.Crim.P. 590 and concluding that the colloquy conducted by the attorneys satisfied its elements and that Appellant both understood the nature of the crime and the rights waived by pleading guilty).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/2/2022</u>