J-S36015-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VIRGIL BIRCHARD | : | |
| | : | |
| Appellant | : | No. 390 WDA 2022 |

Appeal from the Judgment of Sentence Entered November 30, 2021
In the Court of Common Pleas of Erie County
Criminal Division at No.:  CP-25-CR-0002651-2020

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED: MARCH 10, 2023**

Appellant Virgil Birchard appeals from the November 30, 2021 judgment of sentence following his negotiated guilty plea to recklessly endangering another person, simple assault and retail theft.[1]  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  Briefly, in connection with retail theft and an ensuing struggle with a security officer, Appellant was charged with the foregoing crimes.  On September 17, 2021, Appellant entered into a negotiated guilty plea.  Consistent with the terms of the guilty plea, the trial court sentenced Appellant to an aggregate term of two to four years' imprisonment.  Appellant did not file any post-sentence motions or a direct appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A.§§ 2705, 2701(a)(1), and 3929(a)(1), respectively.

On February 24, 2022, Appellant *pro se* filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, seeking the *nunc pro tunc* reinstatement of his post-sentence and direct appeal rights. On February 28, 2022, the PCRA court granted relief, appointed counsel, and directed that post-sentence motions be filed within fifteen days. Appellant eventually filed post-sentence motions, challenging the discretionary aspects of his sentence. The trial court denied the post-sentence motions on March 29, 2022. Appellant timely appealed. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied. In response, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant presents a single issue for our review.

> [I.] Were the sentences manifestly excessive and clearly unreasonable, unaccompanied by a sufficient statement of reasons, and not individualized as required by law, particularly in their consecutiveness.

Appellant's Brief at 1 (unnecessary capitalizations omitted).

At the outset, we note that we need not consider the merits of this appeal, because Appellant is prohibited from challenging the discretionary aspects of his sentence on account of his negotiated guilty plea. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted).

It is well settled when the plea agreement contains a **negotiated sentence which is accepted and imposed by the sentencing court**, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

*Id.* (emphasis added; citation omitted).

Here, our review of the record confirms that Appellant entered into a negotiated guilty plea. At the guilty plea hearing, after the Commonwealth remarked "[w]e do have a recommended sentence of two to four years," Appellant stated that he understood the agreement and did not have any questions about it. N.T., Guilty Plea, 9/17/21, at 3-4. Additionally, based on the parties' agreement, the trial court stated: "The Commonwealth has made a recommendation, agreed to by yourself [(Appellant)] and your attorney, that the total sentence of the court will be two years of incarceration up to four years of incarceration." *Id.* at 10. At sentencing, Appellant's counsel separately acknowledged that "there is an agreement between the Commonwealth and the Defense for a sentence of two to four years. That was reached at the time of the plea." N.T., Sentencing, 11/30/21, at 8-9. After accepting the plea, the trial court sentenced Appellant to the agreed-upon sentence. Appellant did not challenge the validity of the plea agreement or move to withdraw his plea. He thus received the sentence for which he

bargained. Accordingly, Appellant waived any challenge to the discretionary aspects of his sentence and his challenge is not cognizable on appeal. ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013), ***appeal denied***, 87 A.3d 319 (Pa. 2014). Appellant, therefore, does not obtain relief. ***See Commonwealth v. Eisenberg***, 98 A.3d 1268, 1276 (Pa. 2014) ("When a negotiated plea includes sentencing terms[,] the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea."); ***see also Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa. Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."); ***Commonwealth v. Baney***, 860 A.2d 127, 131 (Pa. Super. 2004) (appellant may not challenge discretionary aspects of sentence when negotiated plea included terms of his sentence) ***appeal denied***, 877 A.2d 459 (Pa. 2005); ***Commonwealth v. Reichle***, 589 A.2d 1140, 1141 (Pa. Super. 1991) (dismissing appellant's appeal of discretionary aspects of sentence where she received precisely what she was promised under terms of negotiated plea agreement).

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2023