J-S16016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EBONY SMITH | : | |
| | : | |
| Appellant | : | No. 2552 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 11, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002965-2023

BEFORE:   STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LANE, J.:                    **FILED JULY 15, 2024**

Ebony Smith ("Smith") appeals from the judgment of sentence imposed following her negotiated guilty plea to resisting arrest.[1]  We affirm.

In 2023, police responded to a report of a Black female wearing black clothing and a purple headband using drugs at a specified location in Norristown.  Upon arrival, police observed Smith, who matched the reported description, using drugs.  Smith attempted to hide drug paraphernalia and, when directed to stop, pushed past the officers in an attempt to get away. When officers attempted to arrest her, she resisted arrest and a scuffle ensued for approximately one minute.  As officers tried to handcuff Smith, she tried to escape.  When officers eventually arrested Smith, they recovered several

_____

[*] Former Justice specially assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 5104.

crack cocaine pipes, empty bags of heroin, and crack cocaine. Police charged Smith with resisting arrest and possession of drug paraphernalia. When Smith failed to appear for a pretrial conference, the trial court issued a bench warrant for her arrest.

As the matter proceeded, Smith, who was incarcerated, ultimately agreed to the terms of a negotiated guilty plea, and gave permission to her counsel, an assistant public defender, to sign and initial a written guilty plea colloquy. *See* Trial Court Opinion, 11/21/23, at 1-2. Smith then agreed to participate in a guilty plea hearing via video. *See id*. at 1.

At the guilty plea hearing conducted on September 11, 2023, the trial court announced the terms of the negotiated guilty plea. Specifically, the trial court indicated that, in exchange for Smith's guilty plea to resisting arrest, she would receive two years of probation. *See* N.T., 9/11/23, at 3. The assistant public defender informed the court that the agreed term of probation was one year, rather than two years. *See id*. The assistant district attorney confirmed that the negotiated term of probation was one year. *See id*. at 2. Smith then confirmed that she had given her counsel permission to sign and initial the written guilty plea colloquy. *See id*. at 4. Smith stated on the record that she understood she was "pleading guilty and waiving [her] trial rights." *Id*. Smith indicated that she was entering her guilty plea of her own free will, and that no one had forced or threatened her to enter her plea. *See id*. Smith stated that she had no questions for the trial court. *See id*. Smith

then confirmed the factual basis for her guilty plea. *See id*. at 5. The trial court then determined that Smith knowingly, intelligently, and voluntarily entered her guilty plea, and accepted the terms of the negotiated plea. *See id*. at 5-6. Smith did not file a post-sentence motion seeking to withdraw her plea. Smith instead filed a timely notice of appeal. Both Smith and the trial court complied with Pa.R.A.P. 1925.

Smith raises the following issue for our review:

> Did the lower court err in accepting [Smith's] guilty plea since the plea was not knowingly and voluntarily entered because [her] oral guilty plea colloquy failed to explain that [she] had a right to a jury trial, failed to explain that a jury's verdict would need to be unanimous, failed to explain that the Commonwealth would be required to prove guilt beyond a reasonable doubt, and failed to explain the right to confront and cross-examine witnesses at trial?

Smith's Brief at 3.

Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea. *See Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017). A defendant may seek to withdraw a guilty plea by oral or written motion at any time before the imposition of sentence. *See* Pa.R.Crim.P. 591(A). After sentence has been imposed, a defendant seeking to withdraw a guilty plea must file a motion to withdraw the guilty plea no later than ten days after the sentence is imposed. *See* Pa.R.Crim.P. 720(B)(1)(a)(i). Absent extraordinary circumstances, the failure to employ either of these measures results in waiver of any challenge

to the validity of the guilty plea. **See Commonwealth v. Tareila**, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Pennsylvania courts adhere to this waiver principle because it is for the trial court which accepted the plea to consider and correct, in the first instance, any error which may have been committed in the plea process. **See Commonwealth v. Lincoln**, 72 A.3d 606, 610 (Pa. Super. 2013).

Smith argues that her plea colloquy was defective because she was not informed that she had a right to a jury trial, to a unanimous jury verdict, to confront and cross-examine witnesses, and that the Commonwealth had the burden of proving her guilt beyond a reasonable doubt. Smith asserts that, because of these deficiencies in the oral plea colloquy, her plea was not entered knowingly and intelligently, and must be vacated.

The trial court considered Smith's issue and determined that it was waived because she failed to challenge the adequacy of the oral plea colloquy at the guilty plea hearing or in a post-sentence motion challenging the validity of her guilty plea. **See** Trial Court Opinion, 11/21/23, at 3.

Based on our review, we conclude that Smith failed to preserve her issue for our review. Smith did not object to the adequacy of the plea colloquy during the oral guilty plea hearing and did not file a post-sentence motion seeking to withdraw her guilty plea. By failing to employ either of these measures, Smith deprived the trial court of an opportunity to consider and

correct any mistakes that may have been made in the oral plea colloquy. Accordingly, Smith's challenge to the validity of her guilty plea is waived.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2024