J-S20043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD ALAN BROWN | : | |
| | : | |
| Appellant | : | No. 1568 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 10, 2023
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s):  CP-31-CR-0000305-2022

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: JULY 17, 2024**

Todd Alan Brown appeals from the July 10, 2023 judgment of sentence of 2 to 4 years' imprisonment imposed after he entered a negotiated guilty plea to one count of possession with intent to deliver a controlled substance[1] ("PWID"), to be run consecutive to the sentence he is currently serving.  After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case, as gleaned from the trial court opinion, are as follows:

> On July 10, 2023, just before jury selection for trial was to begin, [Appellant] pleaded guilty to one count of [PWID], graded as an ungraded felony.  The substance in question was methamphetamine.  His

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(30).

plea was pursuant to a negotiated plea agreement with the Commonwealth, the terms of which were: (i) [Appellant] would plead guilty to one count of PWID; (ii) the remaining five charges in this matter would be dismissed; (iii) the sentence imposed was capped at 2-4 years' incarceration; and (iv) the determination of whether the sentence would be consecutive to, or concurrent with, the sentence that [Appellant] was already serving in a separate matter would be left to the discretion of the Court.

[Appellant] waived a presentence investigation and requested to be sentenced that same day. His counsel, Matthew Dombrosky, Esq., presented many mitigating factors for the Court's consideration, including that during [Appellant's] then current term of incarceration, he had received no misconducts, he was receiving psychiatric counseling and treatment, he had begun taking medication to address [h]is mental health issues, he has attained what he believed to be mental health stability, and he was eagerly waiting the opportunity to start rehabilitation programs that would become available to him once the instant case was resolved. Attorney Dombrosky acknowledged that the convictions for which [Appellant] was then serving a sentence were of a serious nature, involving violence against law enforcement officers, but argues that his actions in regard to that case and his conduct since beginning his sentences on those charges showed that he has taken responsibility for those actions. Attorney Dombrosky also noted that the crimes that gave rise to the other convictions and the conviction in the instant case all occurred during a difficult period in [Appellant's] life.

When given the opportunity to speak on his own behalf, [Appellant] echoed Attorney Dombrosky's arguments….

After hearing argument from the Commonwealth, the Court sentenced [Appellant] to 2-4 years' incarceration [consistent with the plea agreement.] Noting its agreement with the Commonwealth that the

> agreed-on sentence represented a significant break in relation to the sentences that [Appellant] would likely receive if convicted at trial, the Court imposed the sentence consecutive to [Appellant's] then current sentences.

Trial court opinion, 12/6/23 at 1-3 (citations and footnote omitted).

On July 20, 2023, Appellant filed a timely post-sentence motion for reconsideration of his sentence. On September 7, 2023, the trial court conducted an evidentiary hearing on Appellant's motion. Following the hearing, the trial court denied Appellant's motion on September 8, 2023. This timely appeal followed on October 6, 2023. The trial court did not order Appellant to file a concise statement of matters complained of on appeal, in accordance with Pa.R.A.P. 1925(b). The trial court issued a Rule 1925(a) opinion, however, addressing the claim Appellant raised in his post-sentence motion, on December 6, 2023.[2]

On appeal, Appellant raises the following issue for our review:

> 1. Whether the trial court erred/abused its discretion in sentencing [Appellant] without fully considering rehabilitative needs and mitigating evidence as set forth in 42 Pa.C.S.A. [§] 9721(b), resulting in an excessive sentence?

Appellant's brief at 5.

---

[2] On April 23, 2024, Appellant filed a **pro se** application for relief while still represented by Attorney Dombrosky, requesting the appointment of new counsel. This Court denied Appellant's application as untimely on April 29, 2024.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa.Super. 2014) (citation omitted), *appeal denied*, 117 A.3d 297 (Pa. 2015). Appellant must "establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Bullock*, 170 A.3d 1109, 1123 (Pa.Super. 2017) (citation omitted), *appeal denied*, 184 A.3d 944 (Pa. 2018).

Appellant's claim is a challenge to the discretionary aspects of his sentence. Preliminarily, we note that we need not consider the merits of this appeal, because Appellant is prohibited from challenging the discretionary aspects of his sentence on account of his negotiated guilty plea. "Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa.Super. 2017) (citation omitted).

> It is well settled when the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence. If either party to a negotiated plea agreement believed the other side could, at any time following entry of sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a

> discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.

***Id.***

Instantly, our review of the record confirms that Appellant negotiated the terms of his guilty plea, including the specific duration of the sentence with which he now takes issue. At the July 10, 2023 guilty plea hearing, the Commonwealth remarked that it was "giving [Appellant] a break to only be seeking a plea on one count [of PWID]" and that it was "going to recommend a two-year to four-year sentence." Notes of testimony, 7/10/23 at 1. Thereafter, Appellant indicated that he understood his guilty plea and did not have any questions about it. ***Id.*** at 3-5. The record further reflects that prior to entering the plea, Appellant reviewed the written guilty plea colloquy with Attorney Dombrosky. ***Id.***; ***see also*** Guilty Plea Colloquy, 7/10/23 at ¶¶ 1-45. Additionally, during the sentencing phase of the hearing, the trial court stated: "I think this agreement is a really good one for you. I commend your attorney for somehow convincing [the Commonwealth] to get rid of one of these counts. Realistically, you're looking at four to eight years but for the work of [Attorney] Dombrosky." Notes of testimony, 7/10/23 at 6. After accepting the plea, the trial court sentenced Appellant to the agreed-upon sentence. ***Id.*** Appellant did not challenge the validity of his plea or move to withdraw his plea. Thus, Appellant received the sentence for which he bargained.

Accordingly, Appellant waived any challenge to the discretionary aspects of his sentence and his challenge is not cognizable on appeal. *Commonwealth v. Lincoln*, 72 A.3d 606, 609-610 (Pa.Super. 2013), *appeal denied*, 87 A.3d 319 (Pa. 2014); *see also Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014) ("When a negotiated plea includes sentencing terms[,] the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea."); *Commonwealth v. O'Malley*, 957 A.2d 1265, 1267 (Pa.Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence.").[3]

Judgment of sentence affirmed.

---

[3] In reaching this decision, we note that this Court has consistently recognized that "claims premised on imposition of consecutive sentences do not raise a substantial question for our review." *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa.Super. 2018). "A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question[.]" *Commonwealth v. Caldwell*, 117 A.3d 763, 769 (Pa.Super. 2015) (*en banc*), *appeal denied*, 126 A.3d 1282 (Pa. 2015). Accordingly, even if Appellant's discretionary sentencing claim was cognizable on appeal, it would still fail.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>07/17/2024</u>