J-S40009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MEGAN SCHOENLY | : | |
| | : | |
| Appellant | : | No. 1193 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 7, 2024
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0002166-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MEGAN SCHOENLY | : | |
| | : | |
| Appellant | : | No. 1194 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 7, 2024
In the Court of Common Pleas of Montgomery County,
Criminal Division at No: CP-46-CR-0004736-2021

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 21, 2025**

In these consolidated appeals, Appellant, Megan Schoenly, appeals from her concurrent sentences of one year's probation for retail theft and possession with intent to use drug paraphernalia ("possession"). Appellant contends that the trial court erred in accepting her guilty plea to these offenses because the plea was not knowingly and voluntarily entered. We affirm.

Appellant was charged with retail theft at No. 4736-21 and with possession at No. 2166-21. On March 7, 2024, Appellant entered a negotiated guilty plea at both docket numbers. Appellant testified under oath that she went over a written guilty plea colloquy form with her attorney and answered the questions in the form truthfully. N.T., 3/7/24, at 4. She further testified that nobody forced or threatened her into entering her guilty plea. *Id.* She stated that she had no questions for the trial court. *Id.* at 5-6.

Appellant also confirmed the factual basis for her plea. Regarding the retail theft charge, she admitted that on July 4, 2021, in Pottstown, Pennsylvania, she did unlawfully take possession of, carry away, transfer, or cause to be carried away or transferred store merchandise from Walmart in the amount of $282.14. *Id.* at 6-7. Regarding the possession charge, she admitted that she "use[d] or possess[ed] with the intent to use drug paraphernalia, including a clear plastic straw and/or vials with a white rock-like substance and/or a plastic bag with powdery white substance and/or a glass apparatus with charmed on the bottom and/or a brush with a wire handle." *Id.* at 6. The trial court determined that Appellant knowingly, intelligently, and voluntarily entered her guilty plea and accepted the terms of the negotiated plea. *Id.* at 7-8.

On Monday, March 18, 2028, Appellant filed a timely motion for reconsideration of sentence. The only claim in her motion was that the court failed to give her credit for pre-trial incarceration. Her motion did not contest the validity of her guilty plea.

- 2 -

On March 27, 2024, the court denied Appellant's motion. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in her brief:

Did the lower court err in accepting [Appellant]'s guilty plea since the plea was not knowingly and voluntarily entered because [Appellant]'s oral guilty plea colloquy failed to explain that [Appellant] had a right to a jury trial, failed to explain that a jury's verdict would need to be unanimous, failed to explain that the Commonwealth would be required to prove guilt beyond a reasonable doubt, and failed to explain the right to confront and cross-examine witnesses at trial?

Appellant's Brief at 3.

Appellant argues that her guilty plea was not knowingly and voluntarily entered because the court failed to explain several rights that she was giving up. Both the trial court and the Commonwealth contend that Appellant waived this issue by failing to challenge the adequacy of the oral plea colloquy during the guilty plea hearing or in a post-sentence motion. We agree that Appellant waived this issue.

Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea. *See Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017). A defendant may seek to withdraw a guilty plea by oral or written motion at any time before the imposition of sentence. *See* Pa.R.Crim.P. 591(A). After sentence has been

imposed, a defendant seeking to withdraw a guilty plea must file a motion to withdraw the guilty plea no later than ten days after the sentence is imposed. *See* Pa.R.Crim.P. 720(B)(1)(a)(i). Absent extraordinary circumstances, the failure to employ either of these measures results in waiver of any challenge to the validity of the guilty plea. *See Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa. Super. 2006). Pennsylvania courts adhere to this waiver principle because it is for the trial court which accepted the plea to consider and correct, in the first instance, any error which may have been committed in the plea process. *See Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013); *see also Commonwealth v. Smith*, 2024 WL 3409194 (Pa. Super., Jul. 15, 2024) (non-precedential decision) (defendant waived argument that she did not knowingly, voluntarily or intelligently enter guilty plea where she did not raise this claim during guilty plea hearing or in post-sentence motions); *Commonwealth v. Jenkins*, 2023 WL 6804616 (Pa. Super., Oct. 16, 2023) (non-precedential decision) (same holding); *Commonwealth v. Bray*, 2022 WL 3041291 (Pa. Super., Aug. 2, 2022) (non-precedential decision) (same holding).[1]

Here, Appellant did not object to the validity of her guilty plea or question the adequacy of the oral colloquy during her guilty plea hearing. Nor

---

[1] *See* Pa.R.A.P. 126 (non-precedential decisions of Superior Court entered after May 1, 2019 may be cited as persuasive authority).

did she raise this objection in her post-sentence motion. Thus, under the above authorities, Appellant has waived her challenge to the validity of her guilty plea or adequacy of her guilty plea colloquy.[2]

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/21/2025

_____

[2] Even if Appellant had preserved her claim, we would conclude it is without merit based on our review of the record, relevant legal authority, and the trial court's reasoning. **See** Trial Court Opinion, 6/18/24, at 4-5 (citing Pa.R.Crim.P. 590 and concluding that written plea colloquy, supplemented by in-court colloquy, satisfied its elements and that Appellant both understood the nature of the crime and the rights waived by pleading guilty).