J-S21006-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOSEPH FRANCESCO BENT | : | |
| Appellant | : | No. 1491 MDA 2022 |

Appeal from the PCRA Order Entered April 26, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002499-2018

BEFORE: BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED: AUGUST 9, 2023**

Joesph Francesco Bent appeals *pro se* from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). Also before us is the Commonwealth's motion to quash. Upon review, we deny the Commonwealth's motion, vacate the order dismissing Appellant's PCRA petition, and remand for further proceedings.

Given our disposition, a detailed recitation of the facts underlying Appellant's convictions is unnecessary. Suffice it to say that Appellant is serving an aggregate sentence of fourteen and one-half to twenty-nine years of imprisonment imposed after he was convicted of rape and other crimes at a jury at a trial in which Appellant represented himself. On direct appeal, we

_____

[*] Retired Senior Judge assigned to the Superior Court.

vacated a component of his sentence that did not disturb the overall sentencing scheme, but otherwise affirmed his convictions and sentence. *See Commonwealth v. Bent*, 258 A.3d 543 (Pa.Super. 2021) (non-precedential decision). Appellant filed a petition for allowance of appeal to our Supreme Court, however he filed a praecipe to discontinue before the Court ruled upon it.

Appellant filed a timely *pro se* PCRA petition on September 9, 2021.[1] Therein, he asserted that his waiver of trial counsel had not been knowing and voluntary due to an inadequate colloquy, that his sentencing counsel had been ineffective in failing to correct an error as to his prior record score, and that the Commonwealth withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The Honorable Craig T. Trebilcock, who presided at Appellant's trial and sentencing, appointed counsel and directed counsel to discuss the petition with Appellant and file an amended petition or motion to withdraw. *See* Order, 10/25/21.

_____

[1] The petition was docketed on September 14, but it was postmarked on September 9. Accordingly, the deemed filing date is September 9, 2021. *See* Pa.R.A.P. 121(f) ("A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence."). We shall use the postmark date as the filing date of Appellant's *pro se* submissions hereafter. As for the filing of the PCRA court's orders, we utilize as the filing date the date on which the clerk of courts served the document upon the parties. *See* Pa.R.A.P. 108(a)(1).

Appellant appeared remotely at a hearing on December 17, 2021. PCRA counsel explained that after a thorough investigation and consultation with Appellant, he concluded that the sentencing issue concerning the error in Appellant's prior record score was meritorious, but the other two lacked merit.[2] **See** N.T. PCRA Hearing, 12/17/21, at 2-3. PCRA counsel indicated that, normally, he would file an amended petition stating only the meritorious claim, but Appellant insisted on amending to add more issues and not to discard any. **Id**. at 4. He continued:

> So without having permission from [Appellant] to amend that and discard the two meritless claims, I'm in an ethical bind where I cannot issue a letter because there is a legitimate issue, but I also do not have permission to amend the petition to reduce it to the one remaining claim with merit. I'm not sure how to proceed, Your Honor.

**Id**.

The PCRA court then asked Appellant whether he wanted to argue the claims counsel deemed meritless, and Appellant indicated that he wished to do so that day. **Id**. at 5. The PCRA court directed Appellant to proceed to do so, *pro se*, without permitting counsel to withdraw or conducting a colloquy pursuant to **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate

---

[2] PCRA counsel indicated that sentencing counsel had acknowledged the error, and that the Commonwealth stipulated that Appellant's prior record score was zero, not one, at the time he was sentenced. **See** N.T. PCRA Hearing, 12/17/21, at 3.

stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."). Appellant then objected because he was not able to present his claims in person. The court accordingly indicated that it would reschedule the hearing to a time when Appellant could be transported to court. *See* N.T. PCRA Hearing, 12/17/21, at 5-6.

The following week, Appellant submitted a *pro se* request to amend his PCRA petition. *See* Motion to Amend, 12/22/21. Judge Trebilcock did not rule on the motion before his term expired at the end of 2021, but did enter a transportation order and schedule a PCRA hearing for March 18, 2022, to take place before the Honorable Kathleen J. Pendergast, who presided over the subsequent PCRA proceedings. On January 25, 2022, Appellant submitted a *pro se* amended PCRA "brief" reasserting the claims that he did not validly waive his right to counsel at trial, that counsel was ineffective in not objecting to the use of an incorrect prior record score at sentencing, and that the Commonwealth violated **Brady**. *See* Amended Brief for Appellant's PCRA, 1/25/22, at 3-14. Appellant also added new claims contending that his confrontation rights had been violated at trial and that Judge Trebilcock was guilty of misconduct at sentencing. *Id*. at 1-2, 14-15.

On March 15, 2022, the Commonwealth filed a motion to dismiss, citing the deficiencies in Appellant's *pro se* petition, noting that it is "incumbent upon appointed counsel to rectify [Appellant's] PCRA petition in amended form" to raise the issue counsel deemed meritorious, and stressing that Appellant was

not permitted to proceed with hybrid representation. *See* Motion to Dismiss, 3/15/22, at ¶¶ 9-11, 15, 20.

The certified record does not contain a transcript for a hearing on March 18, 2022. Instead, there is an order dictated in the presence of Appellant's PCRA counsel and the Commonwealth. Therein, the PCRA court found that Appellant's PCRA petition was defective for the various reasons cited by the Commonwealth and granted the Commonwealth's motion to dismiss. *See* Order, 3/18/22, at 2. The court stated that Appellant "asked that counsel be excused," and that Appellant "has been advised not only extensively by Judge Trebilcock during a separate hearing but also today that he's bound by all Rules of Criminal Procedure and all Rules of Court, all deadlines, etc., as it relates to a choice to represent himself."[3] *Id*.

The PCRA court instructed Appellant to file an amended petition pertaining to the sentencing issue that PCRA counsel had previously deemed meritorious, indicating that it would dismiss that petition without a hearing if it was not timely filed or did not correct the defects. *Id*. at 2-3. The court further set timelines for PCRA counsel to provide Appellant with any necessary documents and indicated that counsel's representation would terminate as of

---

[3] The order does not reference in what hearing Judge Trebilcock had colloquied Appellant as to his waiver of the right to PCRA counsel, nor does it include the colloquy that the PCRA court conducted on that date. Hence, it is unclear from the certified record whether Appellant waived his right following a full *Grazier* hearing.

5:00 p.m. on March 21, 2022. The order did not set a deadline for the timely filing of the amended PCRA petition or contain all information pertinent to a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing.

On March 21, 2022, PCRA counsel filed a notice of his compliance with the PCRA court's March 18 order, attaching a photograph of the stack of documents that he provided to Appellant as well as a letter addressed to Appellant. **See** Notice of Compliance, 3/21/22, at Exhibits A and B. In this "No Merit Letter Pursuant to **Commonwealth v. Finley** on the Meritless Issues," counsel explained why he believed Appellant's claims regarding **Brady** evidence and the deficiencies in his trial-counsel-waiver colloquy lacked merit, but indicated that the sentencing issue was meritorious and that he had "reached an agreement with the District Attorney[']s Office for a resentencing based upon the error in your prior record score."[4] **Id**. at Exhibit A.

---

[4] We appreciate counsel's dilemma as he elucidated it at the prior hearing discussed above and his well-intentioned efforts to resolve it. However, for the benefit of the criminal defense bar, we reiterate that PCRA counsel's duty is to either (1) amend a defective PCRA petition to raise claims he in is professional judgment deems contain sufficient arguable merit, or (2) certify that no meritorious issues exist. **See**, **e.g.**, **Commonwealth v. Finley**, 550 A.2d 213, 215 (Pa.Super. 1988) (*en banc*); **Commonwealth v. Karanicolas**, 836 A.2d 940, 946 (Pa.Super. 2003). If disagreements with the client preclude the attorney from choosing one course of action or the other, counsel may withdraw on that basis to allow the client to argue any and all claims he wishes *pro se* or with private counsel. We have rejected as improper partial no-merit briefs such as the one at issue here in which counsel argues against his client as to a faction of the claims raised. **See Commonwealth v. Plummer**, 236 A.3d 1069, 2020 WL 1548510 at *6 (Pa.Super. 2020) (non-
*(Footnote Continued Next Page)*

The next item on the docket is Appellant's amended PCRA petition, docketed on March 25, 2022, as "*Pro Se* Correspondence." Therein, Appellant raised his sentencing claim, among others. **See** Amended PCRA Petition, 3/22/22, at 1-9. On April 20, 2022, the Commonwealth filed a renewed motion to dismiss, indicating that the PCRA court had given Appellant until April 18, 2022, to file an amended petition but that he had "failed to file an amended petition correcting the deficiencies in his original petition."[5] Renewed Motion to Dismiss, 4/20/22, at ¶¶ 12-13.

By order of April 26, 2022, the PCRA court granted the Commonwealth's motion, indicating that Appellant "was ordered to file his amended PCRA [p]etition by April 18, 2022," but "failed to do so by that deadline." Order, 4/26/22. The order did not advise Appellant of his right to appeal or the time limits for doing so, and was not served upon him by certified mail, return receipt requested. **Cf**. Pa.R.Crim.P. 907(4) ("When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the

---

precedential decision) (citing **Commonwealth v. Morrison**, 173 A.3d 286, 293 (Pa. Super. 2017)).

[5] In its renewed motion, the Commonwealth elected not to mention its stipulation that Appellant was sentenced using an incorrect prior record score or its agreement that Appellant was entitled to sentencing relief purportedly reached with A PCRA counsel prior to his withdrawal.

right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed.").

On May 6, 2022, Appellant filed a motion for reconsideration, resubmitting his amended petition and pointing out that he had filed it on March 22, 2022. The PCRA court entered an order dated May 13, 2022, denying Appellant's motion for reconsideration. The docket listed the order as one denying the PCRA petition and reflected that it was served upon the Commonwealth on May 16, 2022, but did not note service upon Appellant. On June 22, 2022, Appellant filed a request for information on the status of his reconsideration motion. Obtaining no response, Appellant filed a notice of appeal in this Court, which was marked as received by this Court on September 1, 2022. This Court apparently forwarded it to the PCRA court in accordance with Pa.R.A.P. 905(a)(4),[6] but the clerk of courts docketed it as a motion for reconsideration in the PCRA court filed on September 6, 2022. An additional notice of appeal was filed on October 11, 2022, initiating the instant appeal.

_____

[6] "If a notice of appeal is mistakenly filed in an appellate court, or is otherwise filed in an incorrect office within the unified judicial system, the clerk shall immediately stamp it with the date of receipt and transmit it to the clerk of the court which entered the order appealed from, and upon payment of an additional filing fee the notice of appeal shall be deemed filed in the trial court on the date originally filed." Pa.R.A.P. 905(4).

The PCRA court filed a Pa.R.A.P. 1925(a) opinion on November 30, 2022.[7] In its opinion, the PCRA court offered as the basis of its dismissal the thirty-day deadline for the filing of the amended petition that does not appear in the March 18, 2022 order and its misapprehension that Appellant did not file his amended petition before he refiled it on May 6, 2022. *See* PCRA Court Opinion, 11/30/22, at 1-2. The court further acknowledged its failure to inform Appellant of his appeal rights when it dismissed his petition, but opined that the error was harmless because Appellant did timely appeal on October 17, 2022. *Id*. at 2-3.

This Court issued a rule to show cause why the appeal should not be quashed as untimely given that it was filed in October and his PCRA petition was dismissed in April. *See* Order, 12/15/22. Appellant responded to the rule, noting the PCRA court's failure to advise him of his appellate rights when it dismissed the petition and the multiple defects in service of the PCRA court's orders. *See* Response to Rule to Show Cause, 12/22/22, at 1-2. This Court discharged the rule and referred the issue to this merits panel for consideration. *See* Order, 1/5/23.

In the meantime, Appellant filed his brief advocating the merits of his appeal. It is largely a rambling dissertation about the disadvantages a criminal defendant faces navigating the criminal justice system. *See* Appellant's brief

---

[7] The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

at 1-3. However, Appellant eventually complains that he is entitled to relief based upon the irregularities in docketing and service highlighted above, such as the fact that he filed his amended petition in March, not May 2022, and he filed a notice of appeal in September after he received no response to his request for information. *Id*. at 5.

The Commonwealth responded with a motion to quash this appeal based upon Appellant's failure to conform his brief to the Rules of Appellate Procedure. This Court deferred the quashal request to this panel. The Commonwealth then submitted a letter to this Court advising us that it would file no response in addition to its motion to quash.[8]

Before we consider the Commonwealth's motion, we must address the timeliness of this appeal, as it implicates our jurisdiction. *See*, *e.g.*, *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). Based upon Pa.R.A.P. 905, noted *supra*, Appellant's appeal was filed on September 1, 2022, despite the failure of the clerks of courts to properly docket it as a notice of appeal and proceed accordingly. *See id*. The ruling Appellant wishes to challenge is the dismissal of his PCRA petition on April 26, 2022. As such, the appeal is facially untimely.

---

[8] Appellant moved to dismiss all charges against him with prejudice and to release him from custody based upon the Commonwealth's refusal to file a brief. That motion was promptly denied by *per curiam* order.

However, as detailed in our recitation of the procedural history of these proceedings, the appealed-from order did not advise Appellant of his right to appeal or the time limits for doing so and was not served upon him as required by Pa.R.Crim.P. 907(4). A PCRA court's failure to comply with Rule 907(4) is patently a "breakdown in the PCRA court's operations." *Commonwealth v. Burgos*, 262 A.3d 553, 2021 WL 3721807 at *4 (Pa.Super. 2021) (non-precedential decision) (citing *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa.Super. 2019) (collecting cases)). Such breakdowns excuse the untimely filing of a notice of appeal. *See*, *e.g.*, *Commonwealth v. Patterson*, 940 A.2d 493, 499 (Pa.Super. 2007) (holding that the trial courts failure to comply with the requirements of Rule 720 regarding advising a defendant's appellate rights in an order denying a post-sentence motion constitutes a breakdown that excuses the untimely filing of a notice of appeal). Consequently, we have jurisdiction over this appeal.

Turning to the Commonwealth's motion to quash, we agree with the Commonwealth that Appellant's brief bears little resemblance to a brief of appellant as envisioned by Pa.R.A.P. 2111 and 2114-32. While Pa.R.A.P. 2101 provides that we may quash or dismiss an appeal if briefing defects are "substantial," if the defects do not impede our review, we are not required to so sanction a party. *See*, *e.g.*, *Commonwealth v. Levy*, 83 A.3d 457, 461 n.2 (Pa.Super. 2013). Here, as we have indicated above, we are able to discern the PCRA court's errors of which Appellant complains, and he has cited

relevant authority and portions of the record. Therefore, we deny the Commonwealth's motion to quash.

Thus, we are prepared to address the propriety of the PCRA court's dismissal order, mindful of the following:

> The standard of review of an order dismissing a PCRA petition is whether that determination is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Further, a PCRA court has discretion to dismiss a PCRA petition without a hearing if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings.

*Commonwealth v. Cruz*, 223 A.3d 274, 277 (Pa.Super. 2019) (cleaned up).

Our in-depth discussion of the PCRA proceedings in this case renders Appellant's entitlement to relief obvious. The PCRA court concluded the proceedings because it found that Appellant did not timely file an amended petition. The record belies that finding. Appellant indeed filed his *pro se* amended petition no later than March 25, 2022, well within the unwritten thirty-day deadline that the PCRA court apparently discussed at the March 18, 2022 hearing, but did not include it in the order that was filed of record. Since the court's ruling was founded on a factual finding unsupported by the certified record, it cannot stand.

Therefore, we vacate the PCRA court's order dismissing Appellant's PCRA petition. The trial court shall review Appellant's amended petition, including the sentencing claim that the Commonwealth previously agreed

warrants further action, and dispose of the petition as it deems appropriate, adhering to the mandates of Pa.R.Crim.P. 907 and 908.

Motion to quash denied. Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2023