J-S35004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN PHILIP WOLFE | : | |
| | : | |
| Appellant | : | No. 297 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 25, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0002899-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOHN PHILIP WOLFE | : | |
| | : | |
| Appellant | : | No. 298 MDA 2025 |

Appeal from the Judgment of Sentence Entered February 25, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0000425-2023

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY OLSON, J.:  **FILED NOVEMBER 25, 2025**

Appellant, John Philip Wolfe, appeals from the judgment of sentence entered on February 25, 2025, following his guilty plea to persons not to possess a firearm and solicitation to commit perjury.[1]  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel

---

[1]  18 Pa.C.S.A. §§ 6105 (persons not to possess a firearm) and 902 (solicitation)/4902(a)(perjury).

and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw. Moreover, after independent review of the record, we conclude that the instant appeal is wholly frivolous. Therefore, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We previously summarized the facts and procedural history of this case as follows:

> At [trial court] docket No. 2899-2022, the Commonwealth charged Appellant with five counts of persons not to possess firearms and one count each of possession of a small amount of marijuana and possession of drug paraphernalia. At [trial court] docket No. 425-2023, the Commonwealth charged Appellant with four counts of criminal solicitation, three counts of criminal conspiracy, and one count of criminal use of a communication facility. The Commonwealth filed a motion to consolidate the cases for trial, which the court granted on May 3, 2023. After some negotiations, Appellant agreed to plead guilty to one count each of persons not to possess firearms [at trial court docket No. 2899-2022] and criminal solicitation to commit perjury [at trial court docket No. 425-2023]. In exchange, the Commonwealth agreed to the imposition of an aggregate sentence of five (5) to ten (10) years' imprisonment.[2]
>
> On August 28, 2023, Appellant executed written guilty plea colloquies for each of the underlying docket numbers. That same

---

[2] More specifically, as part of Appellant's plea agreement with the Commonwealth, the trial court accepted a negotiated sentence of five to 10 years of imprisonment for persons not to possess a firearm, with a concurrent term of two to four years of incarceration for solicitation to perjury. As such, the trial court imposed a total aggregate sentence of five to 10 years of imprisonment.

day, the court conducted Appellant's guilty plea hearing and oral colloquy.

* * *

At the conclusion of the oral colloquy, the court accepted Appellant's plea and deferred sentencing.

Despite having counsel of record, Appellant filed a *pro se* motion to withdraw the guilty plea on September 6, 2023. In it, Appellant stated that he wanted to withdraw his plea because he learned he was ineligible for the state drug treatment program. On October 9, 2023, Appellant filed a counseled motion to withdraw the guilty plea.

* * *

The court conducted Appellant's sentencing hearing on November 15, 2023. At the start of the hearing, the court received argument regarding Appellant's request to withdraw the guilty plea. The court denied Appellant's withdrawal request and imposed the agreed-upon, aggregate sentence of five to ten years' imprisonment.

*Commonwealth v. Wolfe*, 331 A.3d 616, 617 (Pa. Super. 2024) (non-precedential decision) (internal citations and footnote omitted). This Court affirmed Appellant's judgment of sentence on November 8, 2024. *Id.* Appellant did not appeal that determination.

On December 3, 2024, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed counsel for Appellant. On February 10, 2025, counsel for Appellant filed an amended PCRA petition, alleging that trial counsel was ineffective for failing to object when Appellant was not given his right to allocution when his original sentence was imposed. By order entered on February 10, 2025, the trial court granted relief, vacated Appellant's sentence,

and scheduled resentencing. On February 25, 2025, the trial court held a new sentencing hearing wherein Appellant was permitted to speak on his own behalf. Thereafter, the trial court resentenced Appellant to the previously agreed-upon aggregate sentence of five to 10 years of incarceration. This timely, counseled appeal resulted.[3]

On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an **Anders** brief. Before reviewing the merits of this appeal, we first determine whether counsel has fulfilled the necessary procedural requirements to withdraw as counsel. **Commonwealth v. Miller**, 715 A.2d 1203, 1207 (Pa. Super. 1998).

To withdraw under **Anders**, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

---

[3] Appellant filed a *pro se* notice of appeal on March 3, 2025. On March 4, 2025, the trial court directed counsel for Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On March 24, 2025, counsel filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed a statement *in lieu* of an opinion pursuant to Pa.R.A.P. 1925(a) on April 14, 2025.

case law, and/or statutes on point that have led to the conclusion
that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. Finally, counsel must furnish a copy of the

*Anders* brief to his or her client and advise the client "of [the client's] right to

retain new counsel, proceed *pro se* or raise any additional points worthy of

this Court's attention." *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa.

Super. 2007) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the

responsibility of the reviewing court to make a full examination of the

proceedings and make an independent judgment to decide whether the appeal

is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5; *see also*

*Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en*

*banc*) (holding that the *Anders* procedure requires this Court to review "the

entire record with consideration first of the issues raised by counsel . ...[T]his

review does not require this Court to act as counsel or otherwise advocate on

behalf of a party. Rather, it requires us only to conduct a review of the record

to ascertain if[,] on its face, there are non-frivolous issues that counsel,

intentionally or not, missed or misstated. We need not analyze those issues

of arguable merit; just identify them, deny the motion to withdraw, and order

counsel to analyze them[.]"). It is only when all of the procedural and

substantive requirements are satisfied that counsel will be permitted to

withdraw.

Here, counsel complied with all of the above procedural obligations.[4] We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the issue raised in the *Anders* brief, which is as follows:

> A. Whether the trial court erred in sentencing [] Appellant to five (5) to ten (10) years [of incarceration] in a state correctional facility[?]

*Anders* Brief at 5.

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea." *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017) (citation omitted). When criminal charges have been resolved through entry of a guilty plea, this Court will "allow an appeal only as to those discretionary aspects of sentencing which have not been agreed upon during the negotiation process." *Commonwealth v. Dalberto*, 648 A.2d 16, 21 (Pa. Super. 1994). "[I]n a 'negotiated' plea agreement, where a sentence of specific duration has been made part of a plea bargain, it would clearly make a sham of the negotiated plea process for courts to allow defendants to later challenge their sentence; this would, in effect, give defendants a second bite at the sentencing process." *Id.* (citation omitted); *see also Morrison*, *supra* ("If either party to a negotiated plea agreement believed the other side could, at any time following entry of

_____

[4] Furthermore, Appellant has not responded to counsel's petition to withdraw.

- 6 -

sentence, approach the judge and have the sentence unilaterally altered, neither the Commonwealth nor any defendant would be willing to enter into such an agreement. Permitting a discretionary appeal following the entry of a negotiated plea would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process.") (citation omitted). For these reasons, we are required to dismiss an appeal challenging the discretionary aspects of sentence where the defendant pled guilty under an arrangement that included a negotiated sentence. *See Commonwealth v. Reichle*, 589 A.2d 1140, 1141 (Pa. Super. 1991).

Here, at the plea hearing held on August 28, 2023, counsel for Appellant and the Commonwealth formulated a plea agreement wherein Appellant agreed to plead guilty to one count of persons not to possess a firearm in exchange for a five-to-ten-year term of incarceration. N.T., 8/28/2023, at 1-2. Appellant also agreed to enter a negotiated guilty plea to solicitation to commit perjury for a two to four years of imprisonment, to be served concurrently to the firearm sentence. *Id.* at 2. The Commonwealth and trial court confirmed that it was a negotiated plea agreement, rather than a sentencing recommendation on an open guilty plea. *Id.* at 3. Appellant stated he understood the terms of the negotiated plea agreement. *Id.* at 4-5. Thereafter, the trial court noted that "the parties agree that [Appellant] will receive a sentence of [five] to 10 years [of imprisonment for persons not to possess a firearm] and [] he will receive a concurrent sentence of [two] to [four] years [for solicitation to perjury]." *Id.* at 7. The trial court ultimately

accepted Appellant's plea, but deferred sentencing for the preparation of a presentence investigation (PSI) report. *Id.* "On November 15, 2023, the [trial] court sentenced Appellant to the agreed-upon sentence of five (5) to ten (10) years' incarceration." Trial Court Statement, 4/14/2025, at 1 (footnote and record citation omitted).

Thereafter, at Appellant's resentencing hearing held following the grant of PCRA relief, the trial judge stated:

> [A]t the time of your [original] sentenc[ing], I did not give [Appellant] the opportunity to speak, even though these were agreed-upon sentences, so that was my error. So what is it that you would like to tell me before I resentence you at both dockets?

N.T., 2/25/2025, at 3. The trial court then granted Appellant his right to allocution and Appellant spoke to the court. *Id.* at 3-5. The Commonwealth reiterated that the resentencing hearing was "simply to allow [Appellant] to allocate, not in any way to reconsider the sentence that has already lawfully been imposed" and previously agreed between the parties. *Id.* at 5. The trial court then resentenced Appellant to the previously negotiated sentence of five to 10 years of imprisonment for persons not to possess a firearm, with a concurrent term of two to four years of incarceration for solicitation to commit perjury. *Id.* at 6. As such, Appellant received a sentence that completely aligned with his fully negotiated plea agreement. We are therefore unable to entertain any challenge to the discretionary aspects of Appellant's sentence; hence, the issue identified in counsel's ***Anders*** brief is entirely frivolous. ***See Reichle***. Accordingly, we have independently considered the issue raised

- 8 -

within counsel's **Anders** brief and we have determined that the claim is frivolous. In addition, after independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Hence, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/25/2025