J-S23035-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :            PENNSYLVANIA
                                           :
              v.                           :
                                           :
                                           :
GABRIEL ANNABLE                            :
                                           :
              Appellant                    :    No. 2713 EDA 2024

Appeal from the Judgment of Sentence Entered April 8, 2024
In the Court of Common Pleas of Chester County
Criminal Division at No:  CP-15-CR-0003306-2022

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:              **FILED DECEMBER 31, 2025**

Appellant, Gabriel Annable, appeals from his judgment of sentence of 25-50 years' imprisonment for unlawful contact with a minor, corruption of minors, indecent exposure, and indecent assault.  Appellant, the Commonwealth and the trial court agree that the evidence is insufficient to support Appellant's convictions for unlawful contact with a minor.  Accordingly, we reverse Appellant's judgment of sentence for unlawful contact with a minor.  We affirm the judgments of sentence on the remaining convictions.

The trial court thoroughly describes the evidence adduced during Appellant's trial in its opinion.  Pa.R.A.P. 1925 Opinion, 1/23/25, at 7-50.  In brief, the evidence demonstrates that Appellant had sexual contact with his paramour's daughter ("the victim") in 2018 and 2019, while he was living in his paramour's home.  The victim testified that she was thirteen years old during this time period.  On multiple occasions, Appellant came into her

bedroom while she was sleeping and touched her underneath her clothing near her breast without her consent. The victim's brother testified that he saw Appellant masturbating over the victim's body while the victim was asleep on the couch in the family room.

On August 1, 2023, following a two-day trial, the jury found Appellant guilty of the above offenses. On November 23, 2023, the trial judge, the Honorable Ann Marie Wheatcraft, issued an order recusing herself from further proceedings in this matter and reassigning sentencing duties to another judge's list.

On April 8, 2024, another judge, the Honorable Allison Bell Royer, sentenced Appellant. Since Appellant had pleaded guilty in 2005 to unlawful contact with a minor, Appellant was subject to a mandatory minimum sentence of 25 years' imprisonment on all charges except indecent exposure. *See* 42 Pa.C.S.A. § 9718.2(a)(1). The court sentenced Appellant to concurrent terms of 25-50 years' imprisonment on all charges except indecent exposure and an additional concurrent term of 9 months to 2 years' imprisonment for indecent exposure.

On April 18, 2024, Appellant filed timely post-sentence motions. The court ultimately entered an order denying these motions, and Appellant appealed to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Following the notice of appeal, this Court issued a rule upon Appellant to show cause why his appeal should not be quashed as premature on the

ground that there was no order of record denying his post-sentence motions. Upon further review of the record, and for the reasons provided below, we conclude that we have jurisdiction over this appeal.

The Rules of Criminal Procedure provide that the trial court shall decide post-sentence motions within 120 days after the date of filing. Pa.R.Crim.P. 720(B)(3)(a). Within the 120-day period, upon motion of the defendant, and for good cause shown, the court may grant one thirty-day extension for decision on the motion. Pa.R.Crim.P. 720(B)(3)(b). If the court fails to decide the motion within the thirty-day extension period, the motion shall be deemed denied by operation of law. *Id.* When the motion is denied by operation of law, the clerk of courts shall enter an order denying the motion on behalf of the court, Pa.R.Crim.P. 720(B)(3)(c), and the appeal must be filed within thirty days after entry of this order. Pa.R.Crim.P. 720(A)(2)(b).

On April 18, 2024, Appellant filed timely post-sentence motions. The court scheduled a hearing on post-sentence motions but continued the hearing several times. On August 1, 2024, defense counsel filed a motion to continue the hearing due to a pre-paid family vacation. On August 9, 2024, the court granted a continuance.[1] In an order docketed on October 11, 2024, however, the court entered an order canceling the post-sentence motion hearing, stating:

_____

[1]The order did not specify a new date for the hearing.

> [Appellant's] Motion for Post Sentence Relief was denied by operation of law on or about August 20, 2024, with no motion from counsel seeking the allotted thirty (30) day extension pursuant to Pa.R.Crim.P. 720(B)(3)(b), after the expiration of 120 days from the date of the filing of the Motion, thereby rendering said hearing MOOT.  See Pa.R.Crim.P. 720(B)(3)(a).

Order, 10/11/24.  On October 11, 2024, the same date as the court's order, defense counsel filed a notice of appeal to this Court.

Since Appellant filed his post-sentence motions on April 18, 2024, the original 120-day deadline for deciding Appellant's post-sentence motions was August 16, 2024.  On August 9, 2024, however, within the 120-day period, the court granted a continuance of the post-sentence motion hearing due to counsel's preplanned vacation.  Under Rule 720(B)(3)(b), the continuance extended the deadline for deciding post-sentence motions an additional thirty days to Monday, September 16, 2024.

The clerk of courts failed to enter an order on or after September 16, 2024, denying the post-sentence motions by operation of law.  This constituted a breakdown in the operations of the court.  ***See Commonwealth v. Perry***, 820 A.2d 734, 735 (Pa. Super. 2003).  On October 11, 2024, the court entered an untimely order stating that the post-sentence motions had been denied by operation of law.[2]  On the same date, Appellant filed his notice

---

[2] The order stated incorrectly that counsel failed to seek an extension of the original deadline of August 16, 2024.  As explained above, counsel sought an extension in his August 1, 2024, motion for continuance.  The order also stated incorrectly that the post-sentence motion deadline was "on or about August

*(Footnote Continued Next Page)*

of appeal. Since Appellant filed his notice of appeal within thirty days after this order, we will exercise jurisdiction over this appeal. ***See Commonwealth v. Sutton***, 2023 WL 6565397, \*3 (Pa. Super., Oct. 10, 2023) (non-precedential memorandum)[3] (citing ***Perry***) (exercising jurisdiction over appeal where clerk failed to enter order denying post-sentence motions by operation of law, court entered untimely order after 120-day deadline denying post-sentence motions, and appellant filed notice of appeal within thirty days after untimely order).

Appellant's brief raises the following issues in this appeal:

1. Whether there is insufficient evidence to support the guilty verdicts for Unlawful Contact with Minors – Sexual Offense.

2. Whether the verdict was against the weight of the evidence or in the alternative, the evidence was insufficient to support the verdict on all other counts except for the Unlawful Contact with Minors – Sexual Offense counts.

3. Whether the trial judge, the Honorable Ann Marie Wheatcraft, had a conflict of interest due to her close personal relationship with the then District Attorney, the Honorable Deborah Ryan, and was therefore biased against him, depriving him of a fair trial.

4. Whether the Commonwealth violated the Appellant's speedy trial rights by failing to bring him to trial within 180 days of incarceration per Pa.R.Crim.P. 600 and the Interstate Agreement on Detainers (hereinafter referred to as "IAD").

---

20, 2024." The deadline actually was September 16, 2024 for reasons given above.

[3] ***See*** Pa.R.A.P. 126(b) (non-precedential decisions of Superior Court filed after May 1, 2019 may be cited for their persuasive value).

Appellant's Brief at 8.

In his first argument, Appellant contends that the evidence was insufficient to support his convictions for unlawful contact with minors, codified at 42 Pa.C.S.A. § 6318.[4] The Commonwealth agrees that the evidence is insufficient to support Appellant's convictions under Section 6318.

Our standard of review is

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Smith***, 206 A.3d 551, 557 (Pa. Super. 2019).

Section 6318 provides in relevant part:

(a) A person commits an offense if the person is intentionally in contact with a minor . . . for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

---

[4] Appellant does not challenge the sufficiency of the evidence underlying his other convictions.

(1) Any of the offenses enumerated in Chapter 31 (relating to sexual offenses) . . .

*Id.* Section 6318 defines "contacts" as

Direct or indirect contact or communication by any means, method or device, including contact or communication in person or through an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, any electronic communication system and any telecommunications, wire, computer or radio communications device or system.

18 Pa.C.S.A. § 6318(b.1).

In **Commonwealth v. Strunk**, — Pa. —, 325 A.3d 530 (2024), our Supreme Court held that Section 6318's history "demonstrated that it was intended to criminalize communicative behavior not otherwise covered by the Crimes Code." **Id.**, 325 A.2d at 531. It also held that "Section 6318 is intended to criminalize and punish communications designed to induce or otherwise further the sexual exploitation of children." **Id.** at 543. The victim in **Strunk** testified that the defendant sexually assaulted her on three occasions. There was no testimony that the defendant communicated with her to further the assault. The Court held that there was no evidence that the defendant had communicated with the victim to facilitate his assaults and vacated this conviction. **Id.** ("The victim testified that Strunk manipulated her clothing while she pretended to sleep. Further, the victim testified Strunk did not communicate with her, either verbally or non-verbally, while he was removing her clothing. Because this is the only evidence about how the assaults occurred, it would be rank speculation for the jury to infer Strunk

communicated with the victim based solely on evidence that the assault occurred").

In the present case, the victim testified that on three occasions, she awoke to find Appellant with his hand under her shirt near her breast. N.T. 8/1/23, at 29–39. Appellant did not say anything to the victim during these assaults. On two of these occasions, the victim woke up and yelled at him to leave, and he said "okay" and left. *Id.* at 33. On the third occasion, Appellant left the room without saying anything. *Id.* at 36–37. The victim testified that in five or six instances, she awoke in the night and found Appellant in her room staring at her. *Id.* at 39–40. The victim also testified that on one occasion, Appellant made a "jerking off" gesture with a milk jug to her while she was in the kitchen. *Id.* at 51. Appellant did not say anything to her but had a smirk on his face. *Id.*

In its brief, the Commonwealth "concedes that there was no evidence that demonstrated any communication by [Appellant] either verbally or nonverbally that was designed to induce or otherwise further his sexual exploitation of the victim." Commonwealth's Brief at 10. Similarly, the trial court determined that this evidence is insufficient to sustain Appellant's convictions under Section 6318. Opinion at 96-97. The court reasoned that although the "jerking off" gesture "indisputably made [the victim] uncomfortable, there is no evidence that [it was] made in furtherance of the commission of a sex act. There was no evidence indicating that [this]

gesture[] [was] made in close temporal proximity to the occurrence of the sexual assaults upon [the victim]." ***Id.*** at 96. We agree with the trial court and the Commonwealth.

Accordingly, we reverse Appellant's convictions for unlawful contact with minors. This decision does not necessitate a remand for resentencing because it does not disturb the court's sentencing scheme; Appellant's other sentences of 25-50 years' imprisonment remain intact.

Counsel for Appellant asserts that the other three issues raised in Appellant's brief—claims that the verdict was against the weight of the evidence, Judge Wheatcraft should have recused herself, and Appellant's charges should have been dismissed under Pa.R.Crim.P. 600 and the Interstate Agreement on Detainers—are frivolous. Appellant's Brief at 34-35. Since counsel has not petitioned to withdraw from representation, this assertion of frivolousness is improper.

Recently, in ***Commonwealth v. Bretado***, 2025 WL 2952838 (Pa. Super., Oct. 20, 2025), this Court addressed circumstances identical to those in the present case—specifically, counsel for the appellant argued in her brief that certain issues were frivolous but that other issues were meritorious and warranted relief. We agreed to review the issues that counsel argued were meritorious, but we declined to address the issues that counsel found frivolous. We reasoned:

> In ***Commonwealth v. Morrison***, 173 A.3d 286 (Pa. Super. 2017), this Court made clear that an appellate brief should not

"present issues that counsel, in his or her professional judgment, has determined to be frivolous, even if the client indicates he or she wishes those issues to be included." *Id.* at 293. We explained that frivolous issues are suited for applications to withdraw from representation, which are only appropriate where counsel has determined, after a "conscientious examination," that the appeal is "**wholly** frivolous." *Id.* (emphasis in original). In that circumstance, counsel "must seek to withdraw from representation on appeal by using the procedure outlined by the United States Supreme Court and our Supreme Court." *Id.* On the other hand, if an attorney does not wish to withdraw from representation, counsel should exercise professional judgment and "must only raise and/or brief the issues that counsel believes, consistent with counsel's ethical duty, to be nonfrivolous." *Id.*

We further explained that if an appellant disagrees as to which issues should be presented "prior to counsel's filing of briefs, the appellant is free to petition for the withdrawal of counsel in order for the appellant to attempt to proceed pro se or with privately-retained counsel." *Id.* However, "[i]f the disagreement arises after briefs have been filed by appointed counsel, and the appellant remains convinced of the merit of his or her proposed issues, the appellant may later challenge the effectiveness of his or her appellate counsel in a timely-filed collateral attack pursuant to the [Post Conviction Relief Act ('PCRA')]." *Id.*

Here, counsel has impermissibly presented this Court with ostensibly frivolous issues in an appellate brief otherwise advocating for relief. *See* Appellant's brief at 20-23. This was improper since counsel did not conclude that the appeal was wholly frivolous. *See Morrison*, 173 A.3d at 293. Instead of advocating against her client, counsel ought to have used her professional judgment to simply refrain from developing these claims in the brief. *Id.* Accordingly, we will not address the issues counsel deems frivolous. If Appellant believes that these assertions have arguable merit, he may present an ineffective assistance of counsel claim in a timely PCRA petition. *Id.*

*Bretado*, 2025 WL at 2952838, *3.

We find *Bretado* persuasive and reach the same conclusion here. *See*

Pa.R.A.P. 126(b). Counsel has presented this Court with three ostensibly

frivolous issues in an appellate brief otherwise advocating for relief. This is improper because counsel did not conclude that this appeal is wholly frivolous. Counsel only should have raised the issue he believed was non-frivolous (the challenge to the sufficiency of the evidence underlying Appellant's convictions for unlawful contact with a minor) and refrained from developing other claims.

We decline to address the three issues that counsel for Appellant deems frivolous—specifically, the claims that the verdict was against the weight of the evidence, Judge Wheatcraft should have recused herself, and Appellant's charges should have been dismissed under Pa.R.Crim.P. 600 and the Interstate Agreement on Detainers. **Bretado**, **supra**. If Appellant believes that these assertions have arguable merit, he may present an ineffective assistance of counsel claim in a timely PCRA petition.

Judgment of sentence reversed as to convictions for unlawful contact with a minor. Judgment of sentence affirmed as to all other convictions.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2025

- 11 -